## CIRCUIT COURT OF FAUQUIER COUNTY

Melvin K. Helmick et al.

v.

Town of Warrenton

April 2, 1996

Case No. (Chancery) 95-71

By Judge James H. Chamblin

This cause is before the Court on the Demurrer of the Town of Warrenton to an Amended Bill of Complaint for a Declaratory Judgment and an Injunction filed by Melvin K. Helmick and Myrtlee I. Helmick. After oral argument on March 5, 1996, the Demurrer was taken under advisement.

For reasons that follow, the Demurrer is sustained without leave to file another amended bill of complaint, and this cause is dismissed with prejudice.

On a demurrer, the factual allegations are taken as true. For purposes of this Demurrer, the facts as pleaded can be summarized as follows.

The property which is the subject of this suit is Section 2, Copper Mill, a subdivision in the Town of Warrenton. A plat of that subdivision is of record. Pursuant to a foreclosure, the Helmicks acquired Section 2, Copper Mill. The prior owner (KRC Corporation) caused Section 2, Copper Mill, to be subdivided for townhouses. The land is zoned Residential Multi-Family (RMF). Although Section 2, Copper Mill, is not developed ("no material work done"), the adjacent Section 1, Copper Mill, has townhouses thereon constructed by KRC.

The Town approved KRC's site plan for the townhouses on Section 2, Copper Mill, but it expired. The Town has refused to extend the site plan. The Helmicks asked the Town Council to vacate Section 2, Copper Mill, pursuant to Section 3-13 of the Town's Subdivision Ordinance, which provides:

Any plat of record may be vacated in accordance with the provisions of § 15.1-481, *et seq.*, of the Code of Virginia, 1950, as amended.

On February 14, 1995, the Town Council conducted a public hearing on the request, and at the conclusion of the public hearing, voted to withhold consent for the vacation of the subdivision plat of Section 2, Copper Mill.

The Helmicks' purpose in vacating the plat is to develop Section 2, Copper Mill, as an apartment complex for the elderly consistent and compatible to RMF zoning and the use of the adjacent property. An apartment complex is located on the west boundary of Section 2, Copper Mill. The Town has approved by a special use permit the construction of an apartment complex for the elderly on land zoned C-1 on the south boundary of Section 2, Copper Mill. The special use permit was granted three months before the Town Council denied the Helmicks' request to vacate the subdivision plat. C-1 zoning is inconsistent with an apartment complex. The apartment complex has not yet been built.

The motivation of the Town in denying vacation of the plat is to harass the Helmicks because in the past they sued the Town to recover $90,000.00 for wrongfully withheld tap fees and $90,000.00 for a wrongfully withheld bond as to their development of other property in the Town. Since being sued, the Town has for no legitimate purpose opposed the Helmicks' efforts to develop real estate in the Town.

In Count I the Helmicks allege (1) that Section 3-13 is unconstitutional, (2) that the Town's withholding of consent to vacation of the subdivision plat is unreasonable, unwarranted, discriminatory, arbitrary, capricious, and contrary to the conditions and requirements of the applicable town ordinances, and (3) that they have been deprived of the lawful use of their property because the actions of the Town constitute a taking, both temporary and permanent, and/or damaging within the meaning of Article I, Section 11, of the Virginia Constitution. They pray that the Court hold Section 3-13 unconstitutional, compel the Town to consent to the vacation of the subdivision plat for Section 2, Copper Mill, and appoint commissioners to determine the just compensation for the property taken by the Town.

In Count II the Helmicks pray for an injunction compelling the Town to consent to the vacation of the subdivision plat.

The Town demurs to both counts on the ground that the Complainants have not alleged any facts showing that the failure of the Town Council to consent to vacation of the subdivision plat is unreasonable, unwarranted,

discriminatory, arbitrary, capricious, and contrary to the conditions and requirements of the applicable ordinances of the Town. Regardless of the allegations, the Complainants are simply challenging the action of the Town Council in refusing to consent to the vacation of the subdivision plat.

As ruled previously in this case, the action of the Town Council in refusing to consent to the plat vacation is a legislative action. The standard for review is the reasonableness of the Council's action which is presumed to be valid. *See Town of Narrows v. Clear-View Cable T.V., Inc.*, 227 Va. 272 (1984) (action of a Town Council revoking a cable television franchise). The Complainants must allege facts to overcome the presumption of validity in order to withstand a demurrer.

The only facts alleged that would affect the reasonableness of the Council's action are those related to (1) its actions as to the two adjacent properties and (2) the other suit brought by the Helmicks against the Town. For the Council's action to be discriminatory, Section 2, Copper Mill, must be similarly situated to the two adjacent properties. It cannot because it is subdivided into townhouse lots which clearly would not allow a multi-family apartment complex. Neither adjacent property is or was subdivided into townhouse lots. There is no allegation that the adjacent properties have been or will be developed otherwise than allowed by law. There is no allegation that the Council's actions as to these properties are illegal or not allowed by law. The facts alleged as to the other litigation against the Town simply do not show discrimination because there is no allegation of the treatment by the Town of others who might have sued the Town. The facts alleged do not support a discrimination argument.

The complainants may emphasize the effect of the two adjacent properties referred to in their pleading, but there is also another section of Copper Mill (adjacent to Section 2) which has been developed into townhouses. The expectations of the owners of the townhouse lots in Section 1 of an adjacent section of townhouses is certainly a reasonable consideration for the Town Council.

The action of the Town Council in refusing to consent to the vacation of the subdivision plat for Section 2, Copper Mill, is reasonable.

For similar reasons, the Council's action cannot be considered as arbitrary, capricious, or unwarranted. No facts were alleged to show that it was contrary to the conditions and requirements of the applicable ordinances of the Town. The Complainants cited no such ordinances in its pleading.

The Helmicks argue that Section 3-13 is unconstitutional because it is overbroad and void for vagueness. They assert that it contains no guidelines or criteria for the vacation of a plat. Although the Complainants attack the town ordinance, it seems that their objections are more properly addressed to § 15.1-481 because it provides that the Town Council must consent to the plat vacation. There are no criteria or guidelines in § 15.1-481 governing the granting or withholding of such consent.

The complainants have offered no authority that such guidelines or criteria are required. There is no general rule that a statute or ordinance granting a governing body the authority to take action must contain guidelines for the exercise of such action in order to be constitutional. The legislature has granted local governing bodies the power to regulate the subdivision of land within their jurisdictions. Certainly, the legislature can grant a town council the power to consent to the vacation of a subdivision plat. While there is a need for regulations for approving a subdivision, there is no practical way to formulate regulations or guidelines governing consent to a vacation of a subdivision plat because the circumstances surrounding a request for such consent can be varied and unpredictable. It is a legislative action left to the discretion of the governing body.

The Town has an interest in proper planning and development of the land within the Town. The Complainants have no right to vacate the plat unilaterally. It makes sense from a planning and development point of view that a subdivision plat cannot be vacated without the consent of the Town Council. If the Town Council must approve a subdivision plat, then its consent should be a condition precedent to its vacation. The only standard for granting and withholding such consent is one of reasonableness. No statutory guidelines or criteria is required.

This case concerns paragraph (1) of § 15.1-481. Paragraph (2) of the statute which concerns a subdivision plat vacation at the initiative of the governing body does have a provision for an appeal to the circuit court. There is no such appeal provision in paragraph (1). This statutory scheme is of no help to the Complainants because there is an obvious reason for recourse to the court if a plat is vacated against the wishes of the owners which is not present when the owners are seeking to vacate the subdivision plat.

Neither Section 3-13 or the Town ordinances nor Virginia Code § 15.1-481 is unconstitutional.

Because the ordinance and statute are constitutional, and, further, because the action of the Town Council in refusing to consent to the vacation

of the plat is reasonable, there can be no taking of the Complainants' property in violation of Article I, Section 11, of the Virginia Constitution. It can also not be a taking because the Helmicks have not been deprived of all economically viable uses of their property. *Virginia Beach v. Virginia Land Invest. Ass'n*, 239 Va. 412 (1990). The property can be used for townhouses, which is an economically viable use.

This is the third opportunity that the Complainants have had to state a cause of action. Therefore, no further leave to amend will be granted.

Let counsel for the Town prepare an order sustaining the Demurrer and dismissing this cause with prejudice, to which Mr. Jacob may note his exceptions.