COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


RESIDENTS INVOLVED IN SAVING THE
 ENVIRONMENT, INC., ET AL.

v.      Record No. 1407-95-2          OPINION BY
                                JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA/          JUNE 18, 1996
 DEPARTMENT OF ENVIRONMENTAL
 QUALITY AND PETER W. SCHMIDT,
 DIRECTOR


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                  Melvin R. Hughes, Jr., Judge

            Clarence M. Dunnaville, Jr. (Henry L. Marsh,
            III; Harold M. Marsh; David S. Bailey; Hill,
            Tucker & Marsh, on briefs), for appellants.

            Deborah Love Feild, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellees.

            Timothy G. Hayes (Clayton L. Walton;
            Williams, Mullins, Christian & Dobbins, on
            brief), for intervener Browning-Ferris
            Industries of South Atlantic, Inc.


     Residents Involved in Saving the Environment, Inc.

(Residents)[1] appeal the circuit court's decision affirming the

Department of Environmental Quality's (the Department) issuance

of a sanitary landfill permit to Browning-Ferris Industries of

South Atlantic, Inc. (BFI).  Residents argue that the Director of

the Department (Director) violated Code § 10.1-1408.1(D) by

_____

    [1]Residents Involved in Saving the Environment, Inc. is an
organization of persons residing and/or owning property near the
proposed landfill site in King and Queen County, Virginia.  Other
appellants include several named individuals, a church, and a
farming corporation.

issuing the permit without making the required, specific determination that the proposed facility posed "no substantial present or potential danger to human health or the environment." The Department asserts that: (1) by issuing the permit, the Director implicitly made the required determination under Code § 10.1-1408.1(D), and (2) because Residents failed to name BFI as a party in the notice of appeal or to serve it with the petition for appeal, the appeal should have been dismissed. BFI, as an intervener, argues that the court erred in denying its motion to change venue. We affirm the circuit court's decision as to the Department's motion to dismiss and BFI's motion to change venue. However, we reverse the circuit court's decision to affirm the permit's issuance because the record fails to show that the Director made the required determination under Code § 10.1-1408.1(D).

### BACKGROUND

On September 18, 1990, BFI filed a notice of intent with the Department to initiate the application process for a permit to build a landfill in King and Queen County.[2] BFI also filed a local certification that the proposed location and operation of the landfill complied with local ordinances, as required by Code § 10.1-1408.1(B)(1).[3] On February 4, 1991, BFI submitted Part A

---

[2]The record in this case consists of a written statement of facts pursuant to Rule 5A:8(c).

[3]Code § 10.1-1408.1(B)(1) requires that a permit application contain "[c]ertification from the governing body of the county, city or town in which the facility is to be located that the

2

of its permit application, which contained information concerning whether the proposed site was suitable for the proposed use and addressing the siting criteria required by the Virginia Solid Waste Management Regulations (SWMR). The Department's staff reviewed Part A and approved it on July 29, 1991. On March 20, 1992, BFI submitted Part B of its application, addressing facility design, construction, and operation. The Department's technical staff reviewed Part B, made numerous revisions to the original proposal, and determined that the application complied with the SWMR.

The Department subsequently prepared a draft permit and held a public hearing on March 24, 1993, with the public comment period extended to April 5, 1993. The Department's staff received comments on the draft permit, made changes based on these comments before recommending that the Director approve the permit, and responded in writing to many of the issues raised during the public comment period. On June 2, 1993, the Director issued the permit to BFI. Prior to issuing the permit, the Director made no explicit finding or determination that the proposed facility posed "no substantial present or potential danger to human health or the environment," as required by Code § 10.1-1408.1(D).

On July 30, 1993, Residents appealed the permit's issuance

location and operation of the facility are consistent with all applicable ordinances."

3

to the Circuit Court for the City of Richmond, arguing that the Director "failed to investigate whether the construction and/or operation of the landfill will create an adverse impact or a present or potential hazard to human health." Residents also argued that the Director was required to make the specific determination that the landfill posed no "substantial present or potential danger to human health or the environment." In their appeal, Residents named only the Department and the Director as parties. BFI later intervened in the appeal and moved to transfer the case to King and Queen County, the preferred venue under Code § 8.01-261(1). The circuit court denied the motion. After hearing oral argument on October 20, 1994, the circuit court issued a letter opinion on May 4, 1995, finding that: (1) Code § 10.1-1408.1(D) did not impose an independent duty of investigation on the Director, and (2) the Director's action in issuing the permit complied "with the applicable regulations or law governing the concerns the appellant[s] raise[]."

**NECESSARY PARTIES IN ADMINISTRATIVE APPEALS**

The Department argues that the circuit court should have dismissed Residents' appeal because they failed to name BFI as a party in the notice of appeal and failed to serve BFI with the petition for appeal.

In its letter opinion of November 5, 1993, the circuit court refused to dismiss Residents' appeal and determined that "BFI [did] not fit the definition of 'party' as used in Rules 2A:2 and

4

2A:4."

Appeals pursuant to the Virginia Administrative Process Act (VAPA), Code §§ 9-6.14:1 to 9-6.14:25, are governed by Part 2A of the Rules of the Supreme Court of Virginia. Rule 2A:1(c). Rule 2A:1(b) provides, in pertinent part, as follows:

> The term "party" means any person affected by and <u>claiming the unlawfulness of a regulation</u> or a party aggrieved who <u>asserts a case decision is unlawful</u> and any other affected person or aggrieved person who appeared in person or by counsel at a hearing, as defined in § 9-6.14:4 E, with respect to the regulation or case decision as well as the agency itself.

(Emphasis added). A "rule" or "regulation" under the VAPA is "any statement of general application, having the force of law, affecting the rights or conduct of any person, promulgated by an agency in accordance with the authority conferred on it by applicable basic laws." Code § 9-6.14:4(F). In contrast, the VAPA defines the term "case" or "case decision" as follows:

> any agency proceeding or determination that, under the laws or regulations at the time, a named party as a matter of past or present fact, or of threatened or contemplated private action, either is, is not, or may or may not be (i) in violation of such law or regulation or (ii) in compliance with any existing requirement for obtaining or retaining a license or other right or benefit.

Code § 9-6.14:4(D). The Reviser's Notes to Code § 9-6.14:4 indicate that the primary distinction between regulations and case decisions is that regulations are "legislative" or "quasi-legislative" in nature and that case decisions serve a "judicial"

5

or "quasi-judicial" function.  Code § 9-6.14:4, Reviser's Notes

D.  <u>See also</u> <u>Kenley v. Newport News General & Non-Sectarian Hosp.</u>

<u>Ass'n, Inc.</u>, 227 Va. 39, 44, 314 S.E.2d 52, 55 (1984) ("[T]he

'heart' of a case decision 'is a fact determination respecting

compliance with law.'" (quoting Code § 9-6.14:4, Reviser's Notes

D)).  Under the VAPA, the term "hearing" refers to the following:

> agency processes other than those
> informational or factual inquiries of an
> informal nature provided in 9-6.14:7.1 and
> 9-6.14:11 of this chapter and includes only
> (i) opportunity for private parties to submit
> factual proofs in formal proceedings as
> provided in 9-6.14:8 of this chapter in
> connection with the making of regulations or
> (ii) a similar right of private parties or
> requirement of public agencies as provided in
> 9-6.14:12 hereof in connection with case
> decisions.

Code § 9-6.14:4(E).

Any party appealing an agency case decision must file its

notice for appeal within thirty days of the final order in the

case decision.  Rule 2A:2 provides, in pertinent part, as

follows:

> The notice of appeal shall identify the . . .
> case decision appealed from, shall state the
> names and addresses of the appellant and of
> all other parties and their counsel, if any,
> shall specify the circuit court to which the
> appeal is taken, and shall conclude with a
> certificate that a copy of the notice of
> appeal has been mailed to each of the
> parties. . . . The omission of a party whose
> name and address cannot, after due diligence,
> be ascertained shall not be cause for
> dismissal of the appeal.

Within thirty days after filing the notice of appeal, the

appellant must file his petition for appeal with the clerk of the circuit court. Rule 2A:4(a). "Such filing shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other party." Id.

We agree with the circuit court and hold that BFI is not a "party" as defined in Rule 2A:1(b) and as used in Part 2A of the Rules of the Supreme Court of Virginia. BFI is not "a person affected by and claiming the unlawfulness of a regulation" because: (1) an agency case decision, not an agency regulation, is at issue in this case; and (2) BFI does not assert that the Director's issuance of the permit was unlawful. As the company that benefitted from the agency's granting of the landfill permit, BFI is also not "a party aggrieved who asserts a case decision is unlawful." Additionally, BFI is not "any other affected person or aggrieved person who appeared in person or by counsel at a hearing" because it is undisputed that no "hearing" as defined in Code § 9-6.14:4(E) was held concerning BFI's permit request.

Additionally, the Department argues that BFI was a "necessary party," relying on Asch v. Friends of the Community of the Mt. Vernon Yacht Club, 251 Va. 89, 465 S.E.2d 817 (1996). In Asch, the Supreme Court of Virginia defined "necessary party":

> "Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's

7

> claim, in such case he has an immediate
> interest in resisting the demand, and all
> persons who have such immediate interests are
> necessary parties to the suit."

Id. at 90-91, 465 S.E.2d at 818 (quoting Raney v. Four Thirty
Seven Land Co., 233 Va. 513, 519-20, 357 S.E.2d 733, 736 (1987)).
However, the instant case is distinguishable from Asch and other
cases applying the "necessary party" analysis because the Rules
governing an administrative appeal under the VAPA are specific to
the nature of the Act.  In appeals under the VAPA, the only
parties required to be a part of the case are those listed in
Rule 2A:1(b).  Thus, because BFI was not a "party" as defined in
Rule 2A:1(b) and BFI was allowed to intervene in the case to
protect its interests, the circuit court did not err in refusing
to dismiss the appeal.

## TIMELY OBJECTION TO VENUE

Additionally, BFI asserts that the circuit court erred in
finding that an intervener has no right to object to venue.

In a letter opinion dated January 31, 1994, the trial court
denied BFI's motion to change venue and stated as follows:

> There has been a question in the Court's
> mind whether an intervenor can object to
> venue.  The Court decides that in this case
> the intervenor cannot. . . . Rule 2:15 . . .
> state[s] that as to the petitioner the rules
> applicable to bills and subpoenas apply and
> as to the parties the rules applicable to
> defendants apply.  This puts BFI in the
> position of plaintiff and the parties as
> defendants who would file responsive
> pleadings.
>
> Since the original defendant, DEQ,
> failed to object to venue that motion is lost

8

to the case because there is no other party defendant, including BFI as intervenor, present in the case to object to venue under the terms of [Code] § 8.01-264.

Code § 8.01-264(A) provides, in pertinent part, as follows:

Venue laid in forums other than those designated by this chapter shall be subject to objection, but no action shall be dismissed solely on the basis of venue if there be a forum in the Commonwealth where venue is proper. In actions where venue is subject to objection, the action may nevertheless be tried where it is commenced, and the <u>venue irregularity shall be deemed to have been waived unless the defendant objects to venue by motion filed, as to actions in circuit courts, within twenty-one days after service of process commencing the action</u>, or within the period of any extension of time for filing responsive pleadings fixed by order of the court.

(Emphasis added). In appeals under the VAPA, "[u]nless the parties otherwise agree, . . . the venue for agency or court proceedings shall be as specified in subdivision 1 of § 8.01-261."[4]  Code § 9-6.14:5.

---

[4]Code § 8.01-261(1) designates the preferred venue for appeals of state administrative decisions:

1. In actions for review of, appeal from, or enforcement of state administrative regulations, decisions, or other orders:
a. If the moving or aggrieved party is other than the Commonwealth or an agency thereof, then [venue lies in] the county or city wherein such party:
(1) Resides;
(2) Regularly or systematically conducts affairs or business activity; or
(3) Wherein such party's property affected by the administrative action is located.

Residents concede that the preferred venue for the appeal was in

Rule 2:15 governs intervention of new parties and provides as follows:

> A new party may by petition filed by leave of court assert any claim or defense germane to the subject matter of the suit.
>
> All provisions of these Rules applicable to bills and subpoenas, except those provisions requiring payment of writ tax and clerk's fees, shall apply to such petitions; and all provisions of these Rules applicable to defendants shall apply to the parties on whom such petitions are served.

"Generally speaking, an intervenor is held to take the case as he finds it . . . ." Newport News Shipbuilding & Dry Dock Co. v. Peninsula Shipbuilders' Ass'n, 646 F.2d 117, 122 (4th Cir. 1981).

We hold that the circuit court did not err in denying BFI's motion to change venue because no defendant filed a timely objection to venue. The original defendant, the Department, failed to object to venue within twenty-one days of Residents commencing the appeal as required by Code § 8.01-264 and thus waived any venue objection. BFI intervened in the case after the twenty-one-day period for objecting to venue had passed. Thus, no timely objection to venue was filed. To hold otherwise would allow an intervener to object to venue at a late stage of the proceedings, thus interrupting the flow of the trial.[5] Because

the Circuit Court of King and Queen County.

[5]We do not reach the question of whether an intervener would be allowed to object to venue within the twenty-one-day period. Resolution of that issue is unnecessary to this appeal because no timely objection was made.

10

no timely objection to venue was filed, the circuit court properly denied BFI's motion to change venue.

**DETERMINATION REQUIREMENT UNDER CODE § 10.1-1408.1(D)**

Residents argue that the Director violated Code § 10.1–1408.1(D) when he issued the landfill permit to BFI without determining that the facility posed "no substantial present or potential danger to human health or the environment."[6] The Director and the Department assert that the issuance of the permit represented the Director's implicit determination that the landfill posed "no substantial . . . danger to human health or

_____

[6]Residents' additional argument that the Director was required to consider the character of the land affected is without merit. Code § 10.1–1408.1(I) provides as follows:

> No person shall allow waste to be disposed of on his property without a permit. Any person who removes trees, brush, or other vegetation from land used for agricultural or forestal purposes shall not be required to obtain a permit if such material is deposited or placed on the same or other property of the same landowner from which such materials were cleared. The Board shall by regulation provide for other reasonable exemptions from permitting requirements for the disposal of trees, brush and other vegetation when such materials are removed for agricultural or forestal purposes.

> <u>When promulgating any regulation pursuant to this section</u>, the Board shall consider the character of the land affected, the density of population, the volume of waste to be disposed, as well as other relevant factors.

(Emphasis added). Thus, the statute plainly states that the Director is required to consider the character of the land only when promulgating regulations providing for other exemptions concerning the disposal of vegetation.

11

the environment."

In 1992, the General Assembly consolidated several state agencies, including the Department of Waste Management, and created the Department of Environmental Quality. Code § 10.1-1183. The statutorily mandated policy of the Department is "to protect the environment of Virginia in order to promote the health and well-being of the Commonwealth's citizens." Id. The purposes of the Department include "coordinat[ing] permit review and issuance procedures to protect all aspects of Virginia's environment," Code § 10.1-1183(2), and "promot[ing] environmental quality through public hearings and expeditious and comprehensive permitting, inspection, monitoring, and enforcement programs." Code § 10.1-1183(10).

Under the Virginia Waste Management Act (the Act), the Department is responsible for insuring that "[n]o person . . . operate[s] any sanitary landfill or other facility for the disposal, treatment or storage of nonhazardous solid waste without a permit from the Director." Code § 10.1-1408.1(A).

> No permit for a new solid waste management facility shall be issued until the Director [of the Department] has <u>determined</u>, after investigation and evaluation of comments by the local government, <u>that the proposed facility poses no substantial present or potential danger to human health or the environment</u>. The Department shall hold a public hearing within the said county, city or town prior to the issuance of any such permit for the management of nonhazardous solid waste.

Code § 10.1-1408.1(D) (emphasis added). <u>See also</u> <u>Concerned</u>

12

<u>Taxpayers of Brunswick County v. County of Brunswick</u>, 249 Va. 320, 328, 455 S.E.2d 712, 716 (1995) (holding that determining compliance with the Act's provisions is the function of the Director, "who issues the permit required for the operation of a sanitary landfill or other like facility, after determining that the proposed facility poses no substantial danger to human health or the environment"). Any permit issued by the Director "shall contain such conditions or requirements as are necessary to comply with the requirements of this Code and the regulations of the [Virginia Waste Management] Board and to prevent a substantial present or potential hazard to human health and the environment." Code § 10.1-1408.1(E).

The Act provides that "[a]ny person aggrieved by a final decision of the Board or Director under this chapter shall be entitled to judicial review thereof in accordance with the Administrative Procedure Act." Code § 10.1-1457. In an appeal under the VAPA, "[t]he burden is upon the party complaining of the agency action to demonstrate an error of law subject to review." <u>Johnston-Willis, Ltd. v. Kenley</u>, 6 Va. App. 231, 241, 369 S.E.2d 1, 6 (1988) (citing Code § 9-6.14:17). Code § 9-6.14:17 lists the issues of law subject to review:

> (i) accordance with constitutional right, power, privilege, or immunity, (ii) compliance with statutory authority, jurisdiction limitations, or right as provided in the basic laws as to subject matter, the stated objectives for which regulations may be made, and the factual showing respecting violations or entitlement in connection with case decisions, (iii)

> observance of required procedure where any
> failure therein is not mere harmless error,
> and (iv) the substantiality of the evidential
> support for findings of fact.

"[W]here the legal issues require a determination by the reviewing court whether an agency has, for example, accorded constitutional rights, failed to comply with statutory authority, or failed to observe required procedures, less deference is required and the reviewing courts should not abdicate their judicial function and merely rubber-stamp an agency determination." Johnston-Willis, 6 Va. App. at 243, 369 S.E.2d at 7-8 (emphasis added). "Agency action, even when 'supported by substantial evidence,' must be set aside if judicial review reveals a failure '. . . to comply with statutory authority.'" Environmental Defense Fund, Inc. v. Virginia State Water Control Bd., 15 Va. App. 271, 278, 422 S.E.2d 608, 612 (1992).

"[A] legal issue involving statutory interpretation . . . is within the specialized competence of the courts rather than the administrative agency." Johnston-Willis, 6 Va. App. at 247, 369 S.E.2d at 10. "A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." Loudoun County Dep't of Social Servs. v. Etzold, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993).

We hold that the Director failed to comply with Code § 10.1-1408.1(D) in issuing the permit to BFI. Code § 10.1-1408.1(D) clearly specifies that no permit for solid waste

14

management shall be issued until the Director has made a determination or finding[7] that the proposed facility poses "no substantial present or potential danger to human health or the environment."  The record shows that the Director and the Department's staff reviewed the permit application, drafted a permit, held a public hearing concerning the draft permit, received public comments on the draft permit, made changes to the draft permit, and responded in writing to the public's concerns.  However, before issuing the permit neither the Director nor the Department's staff made the finding that the facility posed "no substantial . . . danger to human health or the environment," not even in the permit itself.  The Director and the Department concede that no such determination in writing appears in the record, but assert that the Director implicitly made that determination by issuing the permit.

Because the Department's main policy is "to protect the environment of Virginia in order to promote the health and well-being of the Commonwealth's citizens," Code § 10.1-1183, we hold that the issuance of the permit alone was insufficient to satisfy the statutory mandate of Code § 10.1-1408.1(D), and that an explicit determination of "no substantial present or potential danger to human health or the environment" was required.  Thus, the case is remanded to the trial court with instructions to

---

[7]"Determination" is defined as "[t]he decision of a court or administrative agency" and is synonymous with "finding."  Black's Law Dictionary 450 (6th ed. 1990).

15

remand the matter to the Director to consider the record already presented and make the required determination.

Accordingly, the circuit court's rulings on the Department's dismissal motion and BFI's change of venue motion are affirmed. We reverse the court's affirmance of the permit issuance, and

remand to the trial court for remand to the Director to make the required determination concerning BFI's permit application.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded</u>.