# CIRCUIT COURT OF CHESTERFIELD COUNTY

Carroll Foster, Inc.

v.

Dupler et al.

## Case No. CH99-1484

BY JUDGE HERBERT C. GILL, JR.

### April 10, 2000

The parties were before the Court on March 10, 2000, for a hearing on defendant's demurrer to plaintiff's motion for declaratory judgment. Having considered the argument of counsel as well as the applicable statutes and case law, the Court finds as follows.

## I. *Standard of Review*

When ruling on a demurrer, the Court will accept the truth of material facts that are properly pleaded, impliedly alleged, and facts which may be fairly inferred from the alleged facts. *Plummer v. Center Psychiatrists*, 252 Va. 233, 476 S.E.2d 172 (1996). The Court is required to view the facts in the light most favorable to the non-moving party in determining whether the pleadings state a valid cause of action. *W. S. Carnes, Inc. v. Board of Supervisors of Chesterfield County*, 252 Va. 377, 384, 478 S.E.2d 295 (1996).

## II. *Appeal from the Decision of the TRB (Count II)*

Defendant demurs to Count II of plaintiff's pleadings on the basis that plaintiff's appeal is untimely and, as a result, the decision of the Technical Review Board (TRB) is final and unreviewable.

On November 19, 1999, the TRB entered an order refusing to issue a building permit to the plaintiff. The TRB is an agency as defined in § 9-6.14:4

of the Virginia Code. As such, the plaintiff's appeal from that decision is governed by Part 2A of the Rules of the Supreme Court of Virginia and the Virginia Administrative Process Act.

Plaintiff filed his notice of appeal on December 15, 1999, which is within the 30 days allowed under Rule 2A:2. However, defendant argues that plaintiff did not file a petition for appeal against the TRB within 30 days after filing the notice of appeal, as required by Rule 2A:4. Defendant argues that plaintiff did not properly file its petition for appeal within the 30 days, because it did not name the TRB or any of its agents as a party in the matter currently pending before the Court.

"In appeals under VAPA, the only parties required to be a part of the case are those listed in Rule 2A:1(b)." *Residents v. Dept. of Environ. Quality*, 22 Va. App. 532, 539, 471 S.E.2d 796 (1996). Rule 2A:1(b) lists the agency that has issued a decision, so in the case at hand, the TRB was a necessary party to the appeal. Because the plaintiff has not properly filed its appeal against the TRB, the appeal has not been perfected in a timely manner. "The timely filing of a petition for appeal of an agency decision is jurisdictional." *Sours v. Virginia Board for Architects*, 30 Va. App. 313, 318, 516 S.E.2d 712 (1999). Accordingly, the Court sustains the defendant's demurrer as to Count II of its pleading.

### III. *Declaratory Judgment (Count I)*

Defendant demurs to Count I of plaintiff's pleadings on the basis that the declaratory judgment count does not allege any relief beyond that sought in the appeal and therefore is an improper attempt to avoid the procedures and requirements of the Administrative Process Act. Plaintiff argues that its motion for declaratory judgment does not involve the TRB, instead it concerns the constitutionality of the County's actions.

The Court finds that the relief sought by the plaintiff in the declaratory judgment count is identical to that sought in the appeal. In each count, plaintiff seeks to invalidate the decision refusing to issue a building permit under VUSBC § 108.

Va. Code § 36-114 provides that "the Review Board shall have the power and duty to hear all appeals from decisions arising under the Building Code." These proceedings are governed by the Administrative Process Act, and as a result, the aggrieved party may not circumvent the procedural steps outlined in § 9-6.14:16 by filing a declaratory judgment action. *Virginia Board of Medicine v. Virginia Physical Therapy Assn.*, 13 Va. App. 458, 468-69, 413

S.E.2d 59 (1991). The Court will grant defendant's demurrer as to Count I of plaintiff's pleadings.

September 12, 2000

On June 23, 2000, this Court entered an order (marked "Final Order") sustaining the defendants, Dupler et al.'s demurrer, but gave the plaintiff, Carroll Foster, Inc., thirty days to amend his pleadings, "should he be so advised." Foster never amended his pleadings and now moves the Court for a nonsuit.

The last day Foster had to amend his pleadings was July 24, 2000. Twenty-one days after the deadline was August 14, 2000. No order modifying, vacating, or suspending the order was done by this Court pursuant to Virginia Supreme Court Rule 1:1 to retain jurisdiction.[1]

Dupler objects to the nonsuit under Rule 1:1. He argues that the order became final twenty-one days after the expiration of the thirty day deadline to file amended pleadings. Since nothing further was done during the twenty-one days, Dupler contends that the order became final on August 14, 2000, and that this Court lost jurisdiction. Va. Sup. Ct. Rule 1:1; *see also Rook v. Rook*, 233 Va. 92, 353 S.E.2d 756 (1987).

In *The Berean Law Group v. Cox*, 259 Va. 622, 528 S.E.2d 108 (2000), the Supreme Court held that an order sustaining a demurrer becomes final and dismisses the case if the plaintiff fails to amend his motion for judgment within a specified time. *Id.* at 626, 528 S.E.2d at 111.

In *Berean*, the circuit court entered a final order sustaining a demurrer but gave the plaintiff leave to amend his pleadings within a specified time. The plaintiff argued that the circuit court had extended his deadline to amend his pleading orally during a telephone conference with all counsel. The Supreme Court found, however, that a circuit court's oral ruling cannot nullify its written order. *Id.* ("It is the well-established law of this Commonwealth that a circuit court speaks only through its written orders."); *see also Austin v. Consolidation Coal Co.*, 256 Va. 78, 81, 501 S.E.2d 161, 162 (1998).

Moreover, the court reasoned that it was the plaintiff's responsibility to submit a timely written order to the circuit court modifying, vacating, or

---

[1]  Va. Sup. Ct. Rule 1:1: "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

suspending the order sustaining the demurrer with leave to amend. *Berean,* 259 Va. at 627, 528 S.E.2d at 111.

When a court sustains a general demurrer denying the right of the plaintiff to recover on the cause of action alleged, it is a decision on the merits. *Brunner v. Cook,* 134 Va. 266, 114 S.E. 650 (1922). Since a decision on the merits is a final judgment, the case is res judicata. W. Hamilton Bryson, *Virginia Civil Procedure,* 478-80 (Michie 1997); *see also Helmick v. Town of Warrenton,* 39 Va. Cir. 131 (Fauquier 1996) (sustaining the defendant's demurrer and dismissing the cause with prejudice).

Therefore, the plaintiff's motion for a nonsuit is denied, and this case is dismissed with prejudice.