# CIRCUIT COURT OF THE CITY OF NORFOLK

City of Norfolk
Wetlands Board
and David L. Stearns

v.

Virginia Marine
Resources Commission

December 21, 2000

Case No. (Chancery) CH99-2018

BY JUDGE MARC JACOBSON

Appellant David L. Stearns applied to the Norfolk Wetlands Board (Board) for a permit to repair a bulkhead on property that he owns in the City of Norfolk, Virginia. The Board conducted a public hearing on Stearns' application, as amended, on April 14, 1999, and voted to grant the permit to Stearns. On or about April 22, 1999, J. Castle Craddock, an owner of property neighboring the Stearns property, together with a number of other parties, appealed the decision of the Board to the Virginia Marine Resources Commission (Commission). The Commission notified the Board of the appeal by letter dated April 23, 1999. On June 22, 1999, the Commission heard Craddock's appeal and voted to remand the matter to the Board "for further consideration of alternatives which could minimize wetlands impacts." The Board conducted a further hearing as a result of the Commission's remand on August 11, 1999, and after testimony which included that of an expert hired by Craddock, voted unanimously to approve Stearns' application for a

wetlands permit. Craddock et al. appealed this ruling to the Commission, which notified the Board of the appeal by letter dated August 23, 1999. The Commission held a hearing on this second appeal on September 28, 1999. By letter dated September 30, 1999, to Mr. Richard Harrison, Chairman, Norfolk Wetlands Board, the Commission advised Mr. Harrison that it had voted to reverse the Board's decision to approve Stearns' application for a wetlands permit, finding "that the Board had erred procedurally in approving Stearns' application." Said letter dated September 30, 1999, stated *inter alia*, as follows:

> Please be advised that any person aggrieved by a decision of the Marine Resources Commission has the right of Judicial Review. Notices of appeal must be filed within 30 days in the manner prescribed by Rule 2A:2 of the rules of court promulgated by the Supreme Court of Virginia.

Both the Norfolk Wetlands Board and Stearns have appealed the Commission's ruling to this Court. The Commission has filed a Demurrer and Motion to Dismiss Petition for Appeal for the following reasons:

A. The Commonwealth's sovereign immunity has not been waived to allow judicial review of the Virginia Marine Resources Commission wetlands appeal decision by the Norfolk Wetlands Board.

B. David L. Stearns has not properly perfected his appeal in a timely manner as required by Rule 2A:4 of the Rules of the Supreme Court of Virginia.

In the Demurrer, the Commission "respectfully demurs and moves that this action be dismissed for lack of jurisdiction."

In essence, the Commission argues that the Board's Petition for Appeal is void or of no effect because the Board is not a proper party to the action. The Commission argues that "the General Assembly has not waived sovereign immunity to allow the Board to seek judicial review of a VMRC wetland appeal decision." *See* Commission's Memorandum in Reply at 1. The Commission cites Va. Code § 28.2-1315 in support of this contention, which states that an appeal from a Commission decision may be taken by the "county, city or town" in which the wetlands are located. *See* Commission's Memorandum of Law in Support of Demurrer at 3. The Commission argues that "county, city or town" does not include the Norfolk Wetlands Board because several sections of the Code distinguish between the "identities, authorities, and responsibilities of" the two entities. *See id.* The Board seems to acknowledge this interpretation of the Code, due to the fact that the Board

does not argue otherwise in its pleadings, but requests that the Court allow the City of Norfolk to be substituted in its stead. *See* Board's Memorandum in Opposition to the Commission's Demurrer at 4.

The Board also argues that the Commission's letter dated September 30, 1999, referred to above, failed to give notice of the right to appeal to the City of Norfolk in this case, and instead gave notice only to the Board. *See* Board's Memorandum in Response to Commission's Demurrer at 2. The Commission's own memorandum acknowledges that the Code requires notice be given to the "county, city or town" as well as the Board. *See* Commission's Memorandum of Law in Support of Demurrer at 3. *See also* Va. Code § 28.2-1312, which requires notice of an appeal be given to both entities. Yet, the Commission does not allege in any pleading or memorandum that any notice was given to the City as required by the Code, nor does it argue a contrary position. As argued by the Board, the Commission notified only the Board of the appeal, did not notify the City as required, and later filed a Demurrer because the entity it notified (the Board) was the entity that appealed its decision. *See* Board's Memorandum in Opposition to Commission's Demurrer at 3.

The Commission certainly can neither allege nor contend that it assiduously followed the applicable Virginia Code as set forth in the preceding paragraph by giving notice to the "county, city or town" as to the right to judicial review of the Commission's decision when it notified the Board by its September 30, 1999, letter. While the Court would not suggest that the Commission itself was intending to be deceptive or misleading, it certainly does not defy a reasonable interpretation of the Commission's letter that such appeal would be appropriately made by the Board. In effect, the Commission suggests that the City of Norfolk should have known that it was the proper entity to note an appeal to the Commission's decisions set forth in its letter of September 30, 1999, while at the same time the Commission would seem to suggest it did not know or should not be required to know that the applicable statutory provisions required that notice of the appeal and right to appeal be given to the "county, city or town" (in this instance, the City of Norfolk) as well as the Board. Indeed, the Commission now files a Demurrer which seeks to exercise the remedy resulting from the Commission's own error in not complying with a statute (not notifying the City of Norfolk of the right to judicial review).

Notwithstanding the Court's concern relative to the Commission's failure to comply with the notice requirements as set forth in the preceding paragraph, the Board also is charged with notice of the requirements of Virginia Code § 28.2-1312 and that the City of Norfolk should have been the proper party to

proceed with the appeal. The Court must therefore conclude that the Board lacked standing under Virginia Code § 28.2-1315 to bring or perfect the instant appeal. In effect, the Board now desires to substitute another party (the City of Norfolk) in its stead who would have standing to appeal. A substitution of this kind is improper under the applicable law. In *Chesapeake House v. Virginia National Bank*, 231 Va. 440, 442-43, 344 S.E.2d 913 (1986), the court noted that even though leave to amend pleadings is liberally granted to litigants, that rule "has always been subject to the limitation that a new plaintiff may not be substituted for an original plaintiff who lacked standing to bring the suit." Such a substitution would be essentially a new cause of action and has been held to constitute reversible error. *See Norfolk Southern RR. v. Greenwich Corp.*, 122 Va. 631, 95 S.E. 389 (1918).

Because the substitution of parties is improper, and because the Board does not have standing to appeal the Commission's decision, the Commission's Demurrer to the Board's appeal is sustained.

The Commission argues that Stearns' Petition is inadequate as a matter of law because instead of setting forth its own argument, it referred to the arguments raised in the Board's Petition, stating that "he joins in and incorporates herein by reference on his behalf" the Board's Petition. *See* Stearns' Petition at 1. Because it contends that the Board's Petition is a "nullity," the Commission argues that Stearns' incorporation of it is "*ultra vires* and void *ab initio* and of no legal effect." *See* Commission's Memorandum in Reply at 5. The Commission argues that the Board's Petition is "lifeless," and as such, Stearns' incorporation cannot infuse life into it. *See id.* at 4.

What the Commission's argument fails to encompass is that Stearns does not attempt to give life to that which may or may not be "lifeless," but to use the arguments advanced in the Board's document to his advantage. Instead of resurrecting the Board's void pleading, Stearns' only desire was essentially to make a copy of the document to be used in his name. By being brought in his name, any defect relating to the Board's standing is irrelevant; Stearns had standing under the Act and timely filed his Petition. The fact that Stearns did not act as a scribe, copying the arguments of the Board's Petition, does not mean that his Petition is automatically void due to the Board's lack of standing.

Rule 1:4(i), as cited by the Commission, allows any "accompanying exhibit" to be a part of a pleading by reference; nothing more is required. If the Board had no standing to file its Petition, then the Petition would have no

"legal effect," meaning that its efficiency as a "pleading" would be negated.[1] *See e.g., Jordan v. Liggan*, 95 Va. 616, 29 S.E. 330 (1898) (holding that an insufficient pleading in equity is a nullity). Nevertheless, the mere words of the Petition on a printed page could be an "exhibit" of Stearns' Petition, even without legal effect as a pleading of its own. Additionally, Rule 1:4(j) states that "[b]revity is enjoined as the outstanding characteristic of good pleading." Stearns' attempt to refrain from duplicating documents in an effort to save the Court's time is not diluted by the manner in which he chose to do so.

The Commission further argues that Stearns' Petition is void because it was not properly served upon the agency secretary within thirty days of Stearns' filing his notice of appeal. The Commission argues that under Rule 2A:4, Stearns was not only required to file his petition for appeal with the Clerk of the Circuit Court, but also to serve that petition on the agency secretary within thirty days. At the hearing on this matter, counsel for Stearns asserted to the Court that as of that date, the Petition had been properly served upon the agency secretary, although not within the thirty days following the filing of the Petition.

This issue has been discussed in *Kessler v. Smith*, 31 Va. App. 139, 521 S.E.2d 774 (1999). In *Kessler*, the appellant had timely filed a petition for appeal with the circuit court regarding a decision by the Department of Medical Assistance Services. Kessler served the agency secretary with the proper documents but did not do so until more than thirty days following the filing of his petition for appeal. *See id.* There, the agency argued what the Commission argues in the instant case; i.e., that in order to perfect service upon the agency, "within thirty days of filing the notice of appeal, appellant had to have requested the clerk's office to perfect service upon the [agency]." *See id.* at 143. The court in *Kessler* noted that "Rule 2:2 provides, in pertinent part, that 'no decree shall be entered against a defendant who was served with process more than one year after the institution of the suit against him'." *See id.* at 144. The court ultimately held that this one-year provision applies to administrative appeals, and that Kessler's appeal was wrongfully dismissed by the trial court. *See id.*

The Commission argues that the facts of *Kessler* are inapposite to those in this case, in that Kessler was allowed to proceed *in forma pauperis*, and that the case involved only one petitioner, not two. *See* Commission's

---

[1] The Commission argues that in order to be valid under Rule 1:4, Stearns must have attached a copy of the Board's Petition to his in order for the former to "accompany" the latter. Such action would defeat the purpose of saving the Court's time and file space and is unnecessary when the Board's Petition had previously been filed with the Court under the same docket number.

Memorandum in Support of Demurrer at 9. These facts do not serve to distinguish the central holding of the case, that the one-year window to serve the applicable parties as in Rule 2:2 applies to administrative appeals. The Commission also argues that *Kessler* was wrongly decided, a conclusion with which this court does not agree in light of appellate court precedent.

The Commission's Demurrer to Stearns' appeal is denied.

In her Petition and accompanying brief, Craddock argues that she should be allowed to intervene in the appeal to this court pursuant to Rule 2:15 of the Rules of the Supreme Court of Virginia. *See* Reply Brief in Support of J. Castle Craddock's Petition to Intervene (Reply Brief) at 2. Rule 2:15 allows intervention in actions in equity by any party having an interest "germane to the subject matter of the suit." *See* Rule 2:15. Craddock argues that her proper appeals of the initial Board decision to grant Stearns' permit constitute a germane interest. *See* Reply Brief at 2-3. Additionally, Craddock argues that as an adjacent property owner, she has common law property rights which will be affected by Stearns' appeal and as such she should be allowed intervention. *See id.*

Although Craddock argues that the Supreme Court Rules govern this appeal, in that she has standing to intervene if she has a claim "germane" to the issues involved, *See* Rule 2:15, the ability to appeal from an administrative ruling is governed by a different set of procedural rules. In appeals from administrative bodies, the basic source of law governing issues of standing are the individual laws and regulations of the administrative boards. *See Citizens for Clean Air v. Commonwealth ex rel. State Air Pollution Control Bd.*, 13 Va. App. 430, 412 S.E.2d 715 (1991). In this case, the regulations at issue governing the Commission contain no provisions regarding standing, therefore, in the absence of such a provision, the Virginia Administrative Process Act (VAPA) controls whether Craddock has standing to appeal. *See id.* The applicable section of VAPA confers standing to appeal an agency decision upon "any person affected by and claiming the unlawfulness of a regulation, or party aggrieved by and claiming unlawfulness of a case decision. . . ." *See* Va. Code § 9-6.14:16(A).[2]

VAPA specifically requires that a party must challenge the unlawfulness of an agency decision in order to have standing to appeal. *See* Va. Code § 9-

---

[2] Under the Rules of Court pertaining to administrative appeals, § 2A, the standard is identical. Under Rule 2A:1(b), "the term 'party' means any person affected by and claiming the unlawfulness of a regulation or a party aggrieved who asserts a case decision is unlawful. . . ." *See Residents Involved in Saving the Environment v. Commonwealth, Department of Environmental Quality*, 22 Va. App. 532, 471 S.E.2d 796 (1996).

6.14:16. In this case, Craddock is not challenging the Commission's decision, rather, Craddock agrees with the decision of the Commission to deny Stearns a wetlands permit and seeks intervention in order to preserve any interest she may have should the Commission's decision be reversed by the Circuit Court. At the hearing on the matter, Craddock's counsel noted that Craddock should have a right of appeal in the instance that the Commission is reversed and subsequently does not desire to appeal the ruling to the Virginia Supreme Court, at which time, the interests of Craddock and the Commission would diverge.

A similar issue has been decided by the Virginia Court of Appeals in *Residents Involved in Saving the Environment (RISE) v. Commonwealth, Department of Environmental Quality*, 22 Va. App. 532, 471 S.E.2d 796 (1996).[3] There, the court decided the issue under the same definition given in VAPA; i.e., whether the entity in question, BFI, could be considered a "party" asserting the wrongfulness of an agency decision or regulation under the statute. *See id.* The court noted that BFI was not a "party" for the purposes of the statute for the reason that BFI did not assert the unlawfulness of a regulation. *See id.* In that case, BFI was the company that benefited from a permit granted by the Department of Environmental Quality. The court noted that since BFI benefited from the permit and did not "assert that the Director's issuance of the permit was unlawful," it was not a "party" under the applicable statute. *See id.*

For the same reason, Craddock is not a party "aggrieved" under the statute entitled to appellate rights.

> Not every person who files a protest and is given an opportunity to be heard by the administrative agency has a right to appeal from an order of the agency, but whether a particular person has the right to contest administrative action is largely a question of law, dependent upon a number of variable factors, including the nature and extent of his interest, the character of the administrative act, and the terms of the statute.

*D'Alessio v. Lukhard*, 5 Va. App. 404, 407, 363 S.E.2d 715, 717 (1988). The Virginia Supreme Court has held that the word "aggrieved" refers to a "substantial grievance, a denial of some personal or property right, legal or equitable, or the imposition upon a party of a burden or obligation. . . ."

---

[3] Although factually dissimilar from the case at bar, the court in *RISE* gave definition to the same language as that at issue here.

*V.E.C. v. City of Virginia Beach*, 222 Va. 728, 284 S.E.2d 595, 597 (1981), quoting from 4 C.J.S., *Appeal & Error*, § 183b. Here, Craddock has not actually suffered any harm, nor is she about to be tangibly affected by the procedures ongoing in this Court. Although she may well have some sort of amorphous interest that could vest following this Court's ruling, she does not have a legally cognizable right entitling her to intervention at this time.

Finally, Craddock is not a necessary party under the Rules of Court pertaining to equity. A "necessary party" has been defined as one who has "actual enjoyment of the subject matter" or an interest in it that "is likely either to be defeated or diminished by the plaintiff's claim." *See Asch v. Friends of the Community of the Mt. Vernon Yacht Club*, 251 Va. 89, 90-91, 357 S.E.2d 733, 736 (1987). Although Craddock argues that she has an interest likely to be defeated by Stearns' claim, she is not a "necessary party" under the line of equity cases interpreting this language. In *RISE, supra*, the Virginia Court of Appeals held that "the Rules governing an administrative appeal under the VAPA are specific to the nature of the Act. In appeals under the VAPA, the only parties required to be a part of the case are those listed in Rule 2A:1(b)." *See RISE*, 22 Va. App. at 539, 471 S.E.2d at 800. Since Craddock is not a "party aggrieved" under Rule 2A:1, neither can she be a "necessary party."

Craddock has not been denied any property or personal rights, nor are those rights implicated in the pending litigation. Craddock has not been required to fulfill any duties, nor has she been the recipient of any legal obligations. In essence, Craddock's rights following the decision at this level are only implicated in the instance that the permit is reinstated here and the Commission subsequently refuses to appeal this Court's decision, at which time Craddock might contend she would then be a "party aggrieved" by regulation. *See* Rule 2A:1.

Craddock's Petition to Intervene is denied.