**Alexandria**

GREENWALD CASSELL ASSOCIATES, INC.

v.

THE DEPARTMENT OF COMMERCE; DAVID HATHCOCK, in his official capacity as executive director; and JAMES L. GUFFEY, in his official capacity as chief, law enforcement officer.

No. 0736-91-4

Decided October 6, 1992

COUNSEL

Nancy Wiegers Greenwald (Robert T. Adams; Julia Krebs-Markrich; Thomas J. Stallings; McGuire, Woods, Battle & Boothe, on briefs), for appellant.

Howard M. Casway, Assistant Attorney General (Mary Sue Terry, Attorney General; Patrice T. Johnson, Assistant Attorney General, on brief), for appellees.

OPINION

**BENTON, J.**—These proceedings arise from a cease and desist order issued by the Department of Commerce to Wiegers & Greenwald Design & Construction (now Greenwald Cassell Associates, Inc.) based upon a complaint that Greenwald advertised "architectural design" services in violation of Code § 54.1-406(C). Greenwald appealed to the circuit court, contesting the validity of the cease and desist order under several provisions of law. The circuit judge ruled that Greenwald had failed to exhaust its administrative remedies as required by the Virginia Administrative Process Act (VAPA). Greenwald contends (1) that the trial judge erred in ruling that Greenwald had to exhaust administrative remedies, and (2) that it is entitled to costs and attorney fees. For the reasons that follow, we reverse the judgment and vacate the cease and desist order.

I.

The Department received and investigated a complaint that Greenwald, a business engaged in the design, construction, renovation and remodeling of residential structures, as permitted by Code § 54.1-402(A)(1), was using the term "architecture" and its derivatives in advertisements in violation of Code § 54.1-406(C).[1] At the conclusion of its investigation, the Department issued a letter informing

---

[1] Code § 54.1-402(A)(1) contains the following provisions:

A. No license as an architect or professional engineer shall be required pursuant to § 54.1-406 for persons who prepare plans, specifications, documents and designs for

Greenwald that its "advertising is prohibited pursuant to Title 54.1, Chapter 4, section 54.1-406(C), Code of Virginia" and further stated:

You are ordered to cease and desist from using any modification or derivative of the word "architecture" in your firm name or description of your business activity in a manner that indicates or implies that your firm practices or offers to practice architecture.

Greenwald filed a timely petition for appeal in the circuit court. Greenwald charged that the Department's cease and desist order was inconsistent with Code §§ 54.1-402 and 54.1-406, that the cease and desist order was issued in violation of the Virginia Administrative Procedure Act, that the Department's failure to provide Greenwald with notice and opportunity to be heard prior to the issuance of the cease and desist order violated procedural due process, and that the Department's interpretation of Code § 54.1-406 was an unconstitutional abridgment of freedom of speech, due process and equal protection.

In a demurrer, the Department alleged, *inter alia*, that the facts as pleaded did not prove that the cease and desist order constituted a case decision. The trial judge overruled the demurrer in substantial part and specifically ruled in an opinion letter that the Department's letter ordering Greenwald to cease and desist the activities alleged to be violations of Code § 54.1-406(C) was a case decision. The Department then filed a motion to dismiss, alleging that Greenwald had not exhausted its administrative remedies. The trial judge granted the motion. This appeal followed.

the following, provided any such plans, specifications, documents or designs bear the name and address of the author and his occupation:

1. Single and two-family homes, townhouses and multi-family dwellings, excluding electrical and mechanical systems, not exceeding three stories. . . .

The applicable provisions of Code § 54.1-406 are as follows:

A. Unless exempted by § 54.1-401 or § 54.1-402, a person shall hold a valid license prior to engaging in the practice of architecture or engineering which includes design, consultation, evaluation or analysis and involves proposed or existing improvements to real property.

*   *   *

C. Any person, partnership, corporation or other entity which is not authorized to practice in accordance with this chapter and which uses the words "architecture," "engineering" or "land surveying" or any modification or derivative thereof in its name or description of its business activity in a manner that indicates or implies that it practices or offers to practice architecture, engineering or land surveying as defined in this chapter shall be subject to the provisions of § 54.1-111.

## II.

■ A "case decision" is defined by statute as "any agency proceeding or determination that, under laws . . . at the time, a named party as a matter of past or present fact . . . either is, is not, or may or may not be (i) in violation of such law . . . or (ii) in compliance with any existing requirement for obtaining or retaining a license or other right or benefit." Code § 9-6.14:4(D). By issuing its cease and desist order, the Department, an administrative agency, determined and conveyed to Greenwald its determination that Greenwald's "advertising is prohibited pursuant to Title 54.1, Chapter 4, section 54.1-406(C) Code of Virginia." It is beyond cavil that the Department made a "determination that, under laws . . . at the time, a named party as a matter of past or present fact . . . is . . . or may . . . be . . . in violation of such law." Code § 9-6.14:4(D).

The Department argues that, because it had no statutory authority to issue a cease and desist order, its order cannot be a case decision. The Department concedes that Code § 54.1-111 "constitutes the Department's sole mechanism in its basic law for handling allegations of unlawful, unlicensed activity and there is no provision in the VAPA to the contrary." We agree with the Department that its statutory authority to act upon a conclusion that an entity has engaged in unlicensed practice is circumscribed by Code § 54.1-111. Under that Code section, the Department is expressly authorized only to (i) refer the matter to the appropriate Commonwealth's attorney for criminal prosecution, or (ii) initiate a proceeding in equity in the appropriate circuit court for injunctive relief. The Department did neither.

The Department argues, however, that, because it was not authorized to issue a cease and desist order, its act of doing what it is not permitted to do by law does not subject the Department to the requirements of the VAPA. The Department relies upon *Virginia Board of Medicine v. Virginia Physical Therapy Association*, 13 Va. App. 458, 413 S.E.2d 59 (1991), in support of this contention. However, *Virginia Board of Medicine* is distinguishable and not applicable to the facts of this case. In *Virginia Board of Medicine*, the decision turned upon whether the Board " 'promulgated' and formally adopted a *rule*" which "meet[s] the VAPA definition of a rule." *Id.* at 467, 413 S.E.2d at 65 (emphasis added). The Court held that the Board's actions did not constitute a rule for the purposes of the VAPA. *Id.* Significantly, in that case, "[n]either party argue[d] there was a case decision." *Id.* at 468, 413 S.E.2d at 65. The record in that case established

that "[t]he board only notified [the complainant] that *an informal conference was to be held to determine whether he may have violated the Code." Id.* (emphasis added). In the case before us, the record unambiguously proves that the Department informed Greenwald that its conduct violated the law and ordered Greenwald to cease and desist its advertising. As the trial judge ruled, the Department's cease and desist order "fits [the VAPA] definition [of case decision] like a glove." We concluded that the trial judge did not err in so ruling.

### III.

■ "The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court." Code § 9-6.14:17. Greenwald contends that the Department erred in not providing an informal hearing, as required under Code § 9-6.14:11, before rendering its cease and desist order. "The question whether an agency decision making body acted within the scope of the authority conferred upon it by statute is a question of law." *Muse v. Virginia Alcohol Beverage Control Bd.*, 9 Va. App. 74, 78, 384 S.E.2d 110, 112 (1989). Because the cease and desist order was a case decision within the meaning of the statute, even if we assume the Department was statutorily authorized to conduct enforcement activity through cease and desist orders, Greenwald should have been given an informal hearing prior to issuing the order. Code § 9-6.14:11. In such an event, the trial judge should have found that the agency committed an error of law in not holding the hearing and should have suspended or set aside the order. Code § 9-6.14:19.

■ However, the Department concedes, and we agree, that the Department "is expressly authorized to undertake only *two* direct courses of [enforcement] action pursuant to . . . Code § 54.1-111." The Department could have either referred the matter to the appropriate Commonwealth's attorney for criminal prosecution or petitioned the appropriate circuit court for injunctive relief. *See* Code § 54.1-111. By issuing a cease and desist order administratively, the Department attempted an enforcement action by case decision, a course of action that was not sanctioned by law.

Where a regulation or case decision is found by the court to be not in accordance with law under Code § 9-6.14:17, the court shall suspend or set it aside and remand the matter to the agency for such further proceedings, if any, as the court may permit or direct in accordance with law.

Code § 9-6.14:19. Accordingly, the trial judge erred in dismissing Greenwald's petition for failure to exhaust its administrative remedies. The statute clearly indicates that the trial judge should have suspended or set aside the order without prejudice to the Department's right to initiate any lawfully authorized enforcement action.

IV.

In overruling the Department's demurrer, the trial judge stated:

A successful litigant may recover attorney fees and costs under Sections 1983 and 1988. The present case seeks not damages, but injunctive and prospective relief, and if such relief is granted, Greenwald may be able to recover attorney's fees and costs under Sections 1983 and 1988.

In granting the Department's motion to dismiss, the trial judge denied Greenwald's motion for attorney fees under the VAPA and found it unnecessary to address Greenwald's other claims for relief.

Since we have determined that the trial judge should have set aside the cease and desist order, we need not consider whether Greenwald's failure to exhaust administrative remedies would defeat the initiation of an action based on federal law, 42 U.S.C. § 1983. We also need not address Greenwald's contention that the Department's interpretation and application of Code § 54.1-406(C) were unconstitutional abridgments of the freedom of speech, due process, and equal protection clauses of the United States Constitution and the Constitution of the Commonwealth of Virginia. However, because we have concluded that the trial judge erred in not vacating the cease and desist order, we vacate the trial judge's order denying Greenwald attorney's fees and we remand the question of attorney's fees to the trial judge for reconsideration.

The judgment is reversed, and the case is remanded to the circuit court for proceedings consistent with this decision.

*Reversed and remanded.*

Baker, J., and Moon, J., concurred.