## Alexandria
### GREENWALD CASSELL ASSOCIATES, INC.
v.
### JAMES L. GUFFEY, et al.
No. 2190-93-4
Decided November 8, 1994

COUNSEL

Nancy Wiegers Greenwald (Robert T. Adams; Thomas J. Stallings; McGuire, Woods, Battle & Boothe, on briefs), for appellant.

Howard M. Casway, Assistant Attorney General (James S. Gilmore, III, Attorney General; William H. Hurd, Deputy Attorney General; Evelyn R. Fleming, Assistant Attorney General, on brief), for appellee.

OPINION

**MOON, C.J.**—Appellant, Greenwald Cassell Associates, Inc., appeals the circuit court's ruling awarding it only $8,000 in attorneys' fees. It argues that the circuit court's fee award, which represents a 92 percent reduction in appellant's original fee request, is an abuse of discretion. We hold that the record does not show that the trial judge abused his discretion and affirm the judgment.

In *Greenwald Cassell Associates Inc. v. Guffey*, 15 Va. App. 236, 421 S.E.2d 903 (1992), we reversed the circuit court's ruling that Greenwald Cassell Associates was not entitled to attorney's fees and remanded the case for proceedings consistent with our holding. Upon remand, the circuit court found that the hours expended on behalf of appellant were unreasonable on their face and that the work was often duplicative and constituted an "overkill." The circuit court held that the hours spent by appellant's counsel were "far beyond anything that bears a relation to the outcome" because the vacation of the cease and desist order is of limited value and the "real" issue—whether the company could use the word "architect"—is still undecided.

Appellant is entitled to attorney's fees under 42 U.S.C. § 1988 and Virginia Code § 9-6.14:21. Under Virginia law, if a

statute authorizes recovery of attorney's fees and expenses, the fact finder is required to determine from the evidence the amount of the reasonable fees under the facts and circumstances of each particular case. *Tazewell Oil Co. v. United Virginia Bank*, 243 Va. 94, 111, 413 S.E.2d 611, 621 (1992). The fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances. *Id.* at 112, 403 S.E.2d at 335. This Court has noted that a "trial judge is not unmindful of the usual charges within its jurisdiction, and . . . a relatively modest award may be found to be reasonable." *Westbrook v. Westbrook*, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988).

█ On this record, we cannot determine what fees are reasonable as a matter of law. The Supreme Court of the United States has stated that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1982). "The applicant should . . . maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* "Where the application contains spotty descriptions of services performed, the applicant has not carried his burden of proof and the Court is precluded from accurately determining the reasonableness of hours spent." *In re Great Sweats, Inc.*, 113 B.R. 240, 244 (B.R. E.D. Va. 1990).

█ Appellant argues that the trial court's award denies it a "fully compensatory" award. This is a misreading of 42 U.S.C. § 1988. The plain language of the statute provides that "the court, *in its discretion, may* allow the prevailing party, other than the United States, a reasonable attorney's fee as a part of the costs." (emphasis added). While a complete denial of attorney's fees may be an abuse of discretion, *see Via v. Via*, 14 Va. App. 868, 872, 419 S.E.2d 431, 434 (1992), the award in this case is a reduction, not a complete denial.

In *Pruitt v. Wilder*, 840 F. Supp. 414 (E.D. Va. 1994), a § 1988 case, the court awarded only half of the attorney's fees requested and noted:

A litigant able to absorb the cost of private counsel can use as many lawyers as he chooses, but in a case where the ultimate fee is to be siphoned off from public funds, closer scru-

tiny is mandated. Counsel provided in these cases should be the minimum necessary to do the job.

In this case, the appellee is a governmental agency, and the careful scrutiny mandated by *Pruitt* is required. The federal courts in this circuit have reduced fees even more. The Fourth Circuit reduced an award by seventy percent based on its finding that the attorney's fees and hours were "overkill." *Spell v. McDaniel*, 852 F.2d 762, 767 (1988). The Supreme Court held in *Hensley* that "[i]t was certainly well within the [district court's] discretion to make a limited fee award in light of the 'minor' relief obtained." 461 U.S. at 440. The victory here was procedural in nature, and the appellee still might prevail on the substantive issue, which is still in dispute.

The trial court did not err in determining that, although the appellant was the prevailing party, the relief was limited in comparison to the scope of the litigation as a whole. While *Hensley* pointed out the difficulty counsel may have in dividing the hours expended on a "claim-by-claim basis" in cases involving a "common core of facts," it also recognized that where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. For the purposes of awarding legal fees, the Court said that courts should "focus on the overall relief obtained by the plaintiff in relation to the hours expended on the litigation." *Id.* at 435.

In this case, the trial court found that the procedural issue on which appellant prevailed was an "important, but narrow" one.

The decision changed the way the Department enforced the law. But the substantive question that initiated the proceeding, whether Greenwald Cassell can use the word "architect" in its advertising, has not been decided, and will be decided in another proceeding . . . . The number of hours and the amount requested in fees are totally out of line with the very narrow and limited success gained.

[T]he substantive issue . . . is the real issue; the procedural issue has little, if any, effect on the ultimate outcome. The procedural issue has all the appearance of lawyers run amuck with zeal for principle.

■ The Supreme Court of Virginia recently held that "in all cases where attorney's fees are recoverable pursuant to statute, the reasonableness of the fees requested must be determined by the evidence." *R F & P Corp. v. Little*, 247 Va. 309, 322-23, 440 S.E.2d 908, 917 (1994). The record and the letter opinion of September 20, 1993 indicate that the billing record in this case did not persuade the trial court that the hours indicated were reasonable:

The hours and fees submitted are far beyond anything that bears a relation to the outcome. It is shocking to this Court that lawyers would expect to be paid at the level suggested for this case. Many hours, for example, are billed for one lawyer talking to another lawyer in the same firm. Telecopier charges and overtime for secretary are charged as separate cost items, leaving the Court to wonder what overhead is included in the hourly rate. The Court concludes that in this case to award a fee based on hours is wholly unreasonable.

Consequently the court awarded $8,000, or eight percent of the total amount requested. "[I]n a true appellate review, the appellant is required to show that the evidence failed to support the trial court's decision . . . or that the trial court abused its discretion." *Barnes v. City of Newport News*, 9 Va. App. 466, 469, 389 S.E.2d 481, 483 (1990) (citations omitted). The decision reached by the circuit court was one within its discretion and our own review of the record does not convince us that the circuit court's ruling that much of the effort spent by appellant's counsel was duplicative and overreaching is clearly wrong.

*Affirmed.*

Baker, J., and Fitzpatrick, J., concurred.