# CIRCUIT COURT OF THE CITY OF RICHMOND

Residents Involved in
Saving the Environment, Inc., et al.

v.

Commonwealth of Virginia,
Department of Environmental Quality,
and Thomas L. Hopkins, Director

Case No. HD-822-1

BY JUDGE MELVIN R. HUGHES, JR.

May 26, 1998

This cause is before the court again following appeals to the Virginia Court of Appeals and the Supreme Court of Virginia. The appellees, Commonwealth of Virginia, Department of Environmental Quality, and Thomas L. Hopkins, Director (collectively appellees or the Commonwealth) have filed a Motion for Summary Judgment and a Motion to Dismiss Residents Involved in Saving the Environment, Inc., (R.I.S.E.) and Second Mount Olive Baptist Church (the Church), two of the original named plaintiffs. R.I.S.E., the Church, and thirteen individuals filed the Petition for Appeal in this matter on July 30, 1993, seeking relief from Solid Waste Facility Permit No. 554 issued on July 2, 1993, by the Director of the Department of Environmental Quality to Browning-Ferris Industries of South Atlantic, Inc., (BFI) for a landfill in King and Queen County. By order entered May 30, 1995, this court ruled in part that the relevant statute does not require the Director to conduct an independent investigation and make any explicit findings before issuing a permit for a solid waste management facility

R.I.S.E. appealed this ruling to the Court of Appeals, which reversed. *Browning-Ferris Ind. of South Atlantic, Inc. v. Residents Involved in Saving the Environment, Inc.*, 22 Va. App. 532 (1996). The Supreme Court affirmed the necessity for an explicit finding and remanded the case directing the Director to consider the existing record and make the required determination before issuing a new permit. *Browning-Ferris Ind. of South Atlantic, Inc. v. Residents Involved in Saving the Environment, Inc.*, 254 Va. 278, 283 (1997).

*Motion for Summary Judgment*

The appellants have requested that the court award them $240,192.50 in attorney's fees and $3,186.79 in costs. This Petition for Appeal was brought under the Virginia Administrative Process Act, which provides that:

> [i]n any civil case … in which any person contests any agency action, as defined in § 9-6.14:4, such person shall be entitled to recover from that agency … *reasonable* costs and attorney fees *if* such person *substantially prevails* on the merits of the case *and* the agency is found to have acted *unreasonably*, unless special circumstances would make an award unjust.

Va. Code § 9-6.14:21 (emphasis added). Thus, the statute presents three issues for the court to address:

(1) Whether R.I.S.E. substantially prevailed on the merits.

(2) Whether the agency acted unreasonably.

(3) Whether the demand for fees and costs is reasonable.

Only the first two issues will be addressed here.

First, the Commonwealth contends that R.I.S.E. did not "substantially prevail" on the merits. The appellee maintains that each court (Circuit Court, Court of Appeals, and Virginia Supreme Court) overruled each of the errors cited by R.I.S.E. in its Petition. Further, the Commonwealth posits that the Court of Appeals actually based its decision on an assignment of error neither contained in the Petition nor asserted by R.I.S.E., i.e., that the Director failed to make the explicit finding of no effect upon human health and the environment. Finally, the appellee argues that R.I.S.E. failed to obtain any of the relief prayed for in its Petition and has filed a second appeal seeking essentially the same relief as the original Petition.[2]

---

[2] With regard to the second appeal filed by R.I.S.E., the appellant says that this action was taken to obtain the Director's compliance with the express order of this

R.I.S.E. responds that the Supreme Court fully upheld its essential contention that the permit granted to BFI by the Director was unlawfully issued. Although it did not prevail on every alternative theory raised, R.I.S.E. did obtain excellent results as to the predominant allegation; the Director was ordered to evaluate the impact on human health and environmental protection.

The court agrees with R.I.S.E. on this first issue; the Supreme Court has endorsed the appellant's essential contention that the permit granted to BFI by the Director was unlawfully issued. Va. Code § 10.1-1408.1(D) requires the Director, before issuing a permit for a new solid waste management facility, to make an explicit determination that the proposed facility does not pose a substantial present or potential danger to human health or the environment. *Browning-Ferris v. Residents Involved in Saving the Environment,* 254 Va. 278, 283 (1997). The Court dedicated a footnote to rebutting the argument revisited here by the appellee:

> As a preliminary matter, the Department asserts that the issue is procedurally barred because the Residents failed to raise the issue before the circuit court. We disagree and conclude that *the issue was encompassed within the Resident's allegation that the Director failed to comply with the express statutory requirements* concerning his duty to investigate and evaluate whether the facility poses any substantial present or future danger to human health or the environment.

*Id.* at 283, n. 3 (emphasis added). *See also Commonwealth v. Appalachian Power Co.,* 12 Va. App. 73, 80 (1991) (Benton, J., dissenting) ("nothing in the language of Va. Code § 10.1-1408.1(D) conditions the power of the court to award fees on full litigation of the issues"). The issue of statutory compliance is crucial and central to a final decision on the validity of the entire permit process. *See Branch v. Va. Dept. of Alcoholic Bev. Control,* 21 Va. App. 242, 254 (1995) (affirming the Circuit Court of the City of Richmond).

Second, the Commonwealth argues that the appellant cannot demonstrate any unreasonable conduct by the appellee. As the Supreme Court sustained the agency's action in all substantive respects (with the exception of express findings on human health and environmental dangers), the Commonwealth argues that its action could not have been arbitrary, capricious, or in blatant violation of the statute.

---

court and the mandates of the Supreme Court and Court of Appeals. R.I.S.E. maintains that the Director reissued the same permit to BFI without reviewing any of the voluminous record.

R.I.S.E. responds that since the agency's action in issuing the permit was determined by the Court of Appeals and the Supreme Court to be contrary to an express statutory mandate, then it is unreasonable regardless of this court's initial findings on other issues. Further, the appellant argues that such willful and recalcitrant violations of an express statutory mandate are clearly unreasonable.

The arbitrary and capricious standard, as applied to "unreasonable" agency conduct, includes actions taken in disregard of law. *See Wilson v. CHAMPUS*, 65 F.3d 361 (4th Cir. 1995) (federal agency's denial of benefits was arbitrary, capricious, and not in accordance with law); *see also Black's Law Dictionary* 105 (6th ed. 1990). It is uncontested that the appellee failed to make the specific determination that the proposed facility posed "no substantial present or potential danger to human health or the environment." By disregarding Va. Code § 10.1-1408.1(D) in issuing the permit, the Commonwealth ignored the law and acted in an unreasonable fashion. The Court agrees with the appellant on this second point, as well.

In raising an issue not explored by the appellee's Motion for Summary Judgment, R.I.S.E. argues that there are no special circumstances which make an award of attorney's fees and costs unjust. It maintains that the requests for costs and fees are well documented and substantiated by supporting affidavits. As the appellee has not countered this assertion with contrary argument and the court finds that no unjust result will arise from an award of attorney's fees and costs, no further discussion is warranted.

In summary, the court overrules the Motion for Summary Judgment by finding that R.I.S.E. substantially prevailed on the merits and the Commonwealth acted unreasonably in approving the permit in derogation of statutory mandate. The Commonwealth is not entitled to judgment as a matter of law. See Rule 3:18.

The third question (on the reasonableness of fees and costs) will be considered by the court based on the appellant's Amended Motion for Attorney's Fees and Costs, together with supporting affidavits and statements.

> [T]he fact finder is required to determine from the evidence the amount of the reasonable fees under the facts and circumstances of each particular case. The fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances.

*Greenwald Cassell Assocs. v. Guffey*, 19 Va. App. 179, 180-81 (1994) (citations omitted).

*Motion to Dismiss R.I.S.E. and Second Mount Olive Baptist Church*

Objections to standing, as a component of subject matter jurisdiction, may be raised at any time and are not waivable. *Owuso v. Commonwealth,* 11 Va. App. 671 (1991). Nearly five years after the initiation of this suit, the Commonwealth seeks to dismiss R.I.S.E. and the Church for lack of "standing." Relying on *Pearsall v. Virginia Racing Comm'n,* 26 Va. App. 376 (1998), the Commonwealth argues that neither entity is a "person aggrieved" under statute, that representational standing is not applicable here, and that neither entity is a "person" who participated in the public comment process or has Article III standing.

The *Pearsall* decision is distinguishable from the instant case. In particular, the Court of Appeals discussed standing in the context of a "person aggrieved" by a Virginia Racing Commission decision pursuant to Code § 59.1-373. The judicial review provision applicable to solid waste facility permits here offers a much broader conveyance of standing. The first prong of Va. Code § 10.1-1457 mirrors the language at issue in *Pearsall:*

A. Except as provided in subsection B, any *person aggrieved* by a final decision of the Board or Director under this chapter shall be entitled to judicial review thereof in accordance with the Administrative Process Act (§ 9-6.14:1 *et seq.*).

Va. Code § 10.1-1457(A) (emphasis added). However, the second prong incorporates the full scope of standing analysis under the federal constitutional law:

B. *Any person who has participated,* in person or by the submittal of written comments, *in the public comment process* related to a final decision of the Board or Director under § 10.1-1408.1 or § 10.1-1426 and who has exhausted all available administrative remedies for review of the Board's or Director's decision, shall be entitled to judicial review thereof in accordance with the Administrative Process Act (§ 9-6.14:1 *et seq.*) *if* such person meets the standard for obtaining judicial review of a case or controversy pursuant to Article III of the United States Constitution. A person shall be deemed to meet such standard if (i) such person has suffered an actual or imminent injury which is an invasion of a legally protected interest and which is concrete and particularized; (ii) such injury is fairly traceable to the

decision of the Board and not the result of the independent action of some third party not before the court; and (iii) such injury will likely be redressed by a favorable decision by the court.

*Id.* § 10.1-1457(B) (emphasis added).

A "person" includes an individual, corporation, partnership, association, a governmental body, a municipal corporation, or any other legal entity. Va. Code § 10.1-1400. The term "aggrieved," as discussed in *Pearsall*:

> has a settled meaning in Virginia when it becomes necessary to determine who is a proper party to seek court relief from an adverse decision. In order for a petitioner to be "aggrieved," it must affirmatively appear that such person had some direct interest in the subject matter of the proceeding that he seeks to attack. The petitioner "must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest" .... The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, *or* imposition of a burden or obligation upon the petitioner different from that suffered by the public generally.

*Pearsall*, 26 Va. App. at 380-381 (emphasis added) (citations omitted).

The Commonwealth argues that the pleadings fail to reveal what type of "person" the Church is and that R.I.S.E. does not have the requisite stake in the controversy. The Court may certainly infer from the pleadings that the Church is a "legal entity," given its status as an owner of property adjacent to the disputed facility. Further, the pleadings contend that its water well and cemetery will be threatened by the landfill's operations; these allegations amount to an immediate, pecuniary, and substantial interest in the litigation. This satisfies the first prong of § 10.1-1457.

R.I.S.E., a "person" by virtue of its non-profit corporation status, has a stake in a representation capacity; its membership consists of approximately three hundred local citizens, many of whom are adjacent landowners and thus directly affected by the Director's decision regarding the dump site. R.I.S.E. members participated in the public hearing and filed written comments with the agency. The Commonwealth contends that representational standing is not authorized here. The court disagrees. Va. Code § 10.1-1457(B) specifically incorporates the full scope of standing analysis under the federal constitution. An incorporated entity or association may obtain representative standing through the injury of its members, so long as the organization is adversely

affected or aggrieved in this capacity. *Sierra Club v. Morton*, 405 Va. 727, 739-40 (1972); *see also Virginia Beach Beautification Comm'n v. Board of Zoning Appeals*, 231 Va. 415, 420 (1986); *Citizens for Clean Air v. Commonwealth*, 13 Va. App. 430, 435 (1991). All thirteen individually-named appellants have suffered actual or immediate injury to their property values and water supplies due to the landfill, which is sufficient to convey standing individually as well as in their collective capacity as members of R.I.S.E.

In conclusion, the court overrules the appellee's Motion for Summary Judgment and the Motion to Dismiss R.I.S.E. and Second Mount Olive Baptist Church.

### December 29, 1998

This case is before the court on remand from the Court of Appeals of Virginia. Plaintiffs, Residents Involved in Saving the Environment, Inc., and others named as plaintiffs have asked this court to award attorney's fees under § 9-6.14:21(A) of the Virginia Administrative Process Act. Toward that end, plaintiffs have submitted Appellants' Proposed Findings of Fact and Conclusions of Law. The Section provides:

> In any civil case brought under Article 4 (§ 9-6.14:15 *et seq.*) of this chapter and § 9-6.14:4.1, in which any person contests any agency action, as defined in § 9-6.14:4, such person shall be entitled to recover from that agency … reasonable costs and attorney fees if such person substantially prevails on the merits of the case and the agency is found to have acted unreasonably, unless special circumstances would make an award unjust.

R.I.S.E.'s November 17, 1998, letter to the court summarizes the salient issues presented:

> Code § 9-6.14:21(A) requires that in order to recover attorney's fees from an agency, the agency "must be found to have acted unreasonably." This requirement that a finding be made that the agency acted unreasonably necessitates an express determination by the trial court regarding fees incurred in the appellate courts and is inconsistent with the Commonwealth's argument that the trial court lacks authority to grant fees for an appeal absent an authorization in the remand.

The defendants, Commonwealth of Virginia, Department of Environmental Quality, and John M. Daniel, Jr., Director of Technical Support, (the Commonwealth) while conceding that § 9-6.14:21 authorizes this court to award attorney's fees, oppose the request on the ground that the orders remanding this case from the Court of Appeals and the Supreme Court of Virginia are silent as to attorney's fees for the appeals, thus the court lacks jurisdiction to make any award. This ground was raised after the October 7 hearing in several post hearing letters and briefs.

The court ruled in a letter opinion in May 1998 that R.I.S.E. substantially prevailed on the merits, that the agency acted unreasonably, and that there are no special circumstances which would make an award unjust. The question now on the application is what amount of attorney's fees are reasonably due.

The Commonwealth objected to R.I.S.E.'s time records and billings. The Commonwealth also objected to co-counsel David Bailey's fee request as not having support with billing records. Bailey later amended his request. The Commonwealth also questioned, *inter alia*, R.I.S.E.'s billings for telephone conversations, meetings between counsel, and billings of other lawyers. An amended fee request followed aimed at eliminating these objections. Now the requested fees are for three attorneys, Mr. Marsh, Mr. Dunnaville, and Mr. Bailey.

At a hearing, the Commonwealth objected and moved to strike affidavits R.I.S.E. and co-counsel submitted in support of the fee request. While not objecting to the numbers of hours and times listed, the Commonwealth argued that the affidavits of counsel are interested and should be discounted and lawyers not involved in the litigation are opinions and hearsay.

In *Tazewell Oil Co. v. Virginia Beach*, 243 Va. 94, 111 (1992), the Virginia Supreme Court stated:

> In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances.

The court sustains the Commonwealth's objections to the affidavits of the attorneys who are not counsel in the case. These affidavits on the reasonableness of the hourly rates and other matters are hearsay. These lawyers were not present and subject to examination. However, the affidavits of counsel in the case will be considered as this is standard and accepted procedure in attorney's fee requests. Mr. Marsh, Mr. Dunnaville, and Mr. Bailey were present and were available to be examined on all matters relating to the time and effort expended. The court finds that the record is adequate to

determine a reasonable award of fees and expenses based on the time consumed, the effort expended, the nature of the services rendered, and the attending circumstances. *Beale v. Kinney, Admin.*, 204 Va. 443 (1962); *Mullins v. Richlands National Bank*, 241 Va. 447 (1991). The court can apply its own experience and knowledge of the character of such services. *Beale v. Kinney, Admin.*, at 446.

However, the court must first deal with the jurisdictional argument which, as noted, has been raised after the hearing in letters and post hearing briefs. The authorizing statute, § 9-6.14:21, provides that a prevailing party "shall be entitled to recover ... reasonable attorney fees ... ." There is no limitation to the right of recovery depending on where the case might be pending. The qualifying conditions for an attorney's fee award are set out in the Statute and have been dealt with in the court's May 1998 ruling.

The Commonwealth has cited *O'Laughlin v. O'Laughlin*, 23 Va. App. 690 (1996), and *Wilson v. Wilson*, 25 Va. App. 752 (1997), for the proposition that without specific remand with particularized instructions to award attorney's fees, the trial court is without jurisdiction to do so. Again, the Statute does not limit in which court an award can be made. This issue has not been renewed until recently, after the May 1998, ruling, and now only after extensive briefing and a hearing on the remaining issue, reasonableness. For these reasons, the court rejects the Commonwealth's position on jurisdiction.

Lastly, the Commonwealth contends that R.I.S.E.'s billing records are inflated, inconsistent, over inclusive as to the things that should not be billed, unexplained, and not reflective of the time devoted to the winning issue. In a supplemental affidavit, counsel for R.I.S.E. and Bailey, co-counsel, in an Affidavit of Revised Fee motion have stated that "raw billing records" and "raw data ... and raw time slips and diary materials" have been submitted to the Commonwealth for inspection. As noted, all counsel were present and available for examination but none was requested.

The total amended request is $219,464.79. This was later changed to $232.013.99 by a Supplemental Fee Request. This figure, as the first, includes fees and expenses.

It is important to note that the billing records encompass a period from June 1993 to November 1997. Upon examination of the billing records and given the prior May 1998 ruling, I have no significant difference with R.I.S.E. counsel over the reasonableness of the charges or the hourly rates. Accordingly, the court adopts the findings and conclusions as submitted with the amendments and supplements for the reasons mentioned and awards $185,000 for fees and expenses inclusive.