Present:  Carrico, C.J., Compton, Stephenson,[1] Hassell, and
Keenan, JJ., and Poff and Whiting, Senior Justices

Browning-Ferris Industries
of South Atlantic, Inc.

v.  Record No. 961426    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    September 12, 1997
Residents Involved in Saving
the Environment, Inc., et al.

Commonwealth of Virginia Department
of Environmental Quality, et al.

v.  Record No. 961462

Residents Involved in Saving
the Environment, Inc., et al.

FROM THE COURT OF APPEALS OF VIRGINIA


     The primary issue in this appeal is whether Code § 10.1-

1408.1(D) requires the Director of the Department of

Environmental Quality (the Director), before issuing a permit for

a new solid waste management facility, to make an explicit

determination that the proposed facility poses "no substantial

present or potential danger to human health or the environment."

     The facts in this appeal are not in dispute.  In September

1990, Browning-Ferris Industries of South Atlantic, Inc. (BFI)

filed a notice of intent with the Department of Environmental

Quality (the Department), initiating an application for the

construction and operation of a solid waste management facility

in King and Queen County.  BFI also filed a certification from

_____

     [1]Justice Stephenson participated in the hearing and decision

of this case prior to the effective date of his retirement on

July 1, 1997.

the Board of Supervisors of King and Queen County that the proposed location and operation of the facility complied with all applicable ordinances.[2]

In February 1991, BFI submitted, as part of its permit application, information concerning the suitability of the site for the proposed use and the "siting criteria" required by the Virginia Solid Waste Management Regulations, 9 VAC 20-80-10 to -790. After the Department approved this part of BFI's application, BFI submitted further information addressing the design, construction, and operation of the proposed facility.

The Department's staff made several revisions to BFI's application. The staff then determined that the revised application complied with the Solid Waste Management Regulations and developed a draft permit which was presented for public hearing and comment. At the conclusion of the hearing and the two-week comment period, the staff evaluated the public comments on the proposed facility, revised the draft permit, and recommended that the Director approve the permit. The Director then issued a final permit to BFI for the construction,

---

[2]Code § 10.1-1408.1(B)(1) requires that an application for a sanitary landfill permit contain a certification from the local governing body where the proposed facility is to be built that the location and operation of the proposed facility are consistent with all applicable ordinances.

operation, and maintenance of the solid waste management facility.

Residents Involved in Saving the Environment, Inc., an organization of persons residing or owning property near the proposed landfill site, and others (collectively, the Residents), appealed the issuance of the permit to the circuit court, alleging that the Department acted unlawfully in issuing the permit because the Director failed to make an explicit determination under Code § 10.1-1408.1(D) that the proposed facility does not pose a substantial present or potential danger to human health or the environment.

The Residents contended, among other things, that the permit was invalid because the Director failed to make the determination required under Code § 10.1-1408.1(D). The Director conceded that he did not make an explicit determination to this effect in the agency record.

The Department moved to dismiss the appeal because the Residents had not named BFI as a party in the notice of appeal. The trial court denied the motion based on its determination that BFI was not a "party" within the meaning of Part 2A of the Rules of this Court, but granted BFI leave to intervene in the proceedings.

After conducting a hearing on the merits of the appeal, the trial court ruled that Code § 10.1-1408.1(D) does not require the Director to conduct an independent investigation and make any

3

explicit findings before issuing a permit for a solid waste management facility. The trial court noted that the Residents did not allege the Department had failed to comply with any other statute or regulation governing the permit process. Thus, on its examination of the record, the trial court concluded that the Department had complied with applicable law and affirmed the Department's decision to issue the permit.

The Residents appealed the trial court's judgment to the Court of Appeals, which upheld the trial court's denial of the Department's motion to dismiss on the ground that BFI was not a "party," as that term is defined and used in Part 2A of the Rules of this Court. Residents Involved in Saving the Environment, Inc. v. Dep't of Envtl. Quality, 22 Va. App. 532, 538, 471 S.E.2d 796, 800 (1996). The Court further held that BFI was not a "necessary party" to the appeal under the Administrative Process Act (APA), Code §§ 9-6.14:1 to -.25:3. Id. at 539, 471 S.E.2d at 800.

However, the Court of Appeals reversed the trial court's ruling that the Director had complied with Code § 10.1-1408.1(D), holding that the statute requires the Director to make an "explicit determination" that the proposed facility does not pose a significant present or future health or environmental risk. Id. at 545, 471 S.E.2d at 803. The Court remanded the case to the trial court with instructions to remand the proceeding to the Department for the Director to consider the existing record and

4

make the required determination.  The Department and BFI both appealed from the Court of Appeals' judgment, and we consolidated the cases in this appeal.

The Department first argues that a party who challenges the issuance of a permit is required to join the permit holder as a party to the appeal.  Thus, the Department contends that the Residents' appeal to the circuit court should have been dismissed because they failed to name BFI as a party to the appeal.

We agree that BFI was a necessary party to the Residents' appeal from the Department's ruling, because that ruling conferred specific rights on BFI which could be defeated or diminished by the Residents' appeal.  See Asch v. Friends of the Community of the Mt. Vernon Yacht Club, 251 Va. 89, 90-91, 465 S.E.2d 817, 818 (1996); 1 Frank E. Cooper, State Administrative Law 325 (1965).  However, we take no action on the merits of the circuit court's denial of the motion to dismiss, because BFI's intervention in the appeal rendered the issue moot.  See Commonwealth v. Allstate Bonding Co., 246 Va. 189, 190 n.1, 435 S.E.2d 396, 397 n.1 (1993); Hallmark Personnel Agency v. Jones, 207 Va. 968, 971, 154 S.E.2d 5, 7 (1967).  Therefore, we will vacate the part of the Court of Appeals' judgment addressing this issue.

We next consider the issue whether Code § 10.1-1408.1(D) requires the Director, before issuing a permit for a new solid waste management facility, to make an explicit determination that

5

the proposed facility does not pose a substantial present or potential danger to human health or the environment.[3]  None of the parties contends that Code § 10.1-1408.1(D) is ambiguous. However, the Department and BFI assign the statutory language a different meaning than the interpretation urged by the Residents.

The Department and BFI argue that an explicit determination is not required by Code § 10.1-1408.1(D), that the Director made an implicit determination pursuant to the statute when he issued the permit, and that the Director's decision is supported by the agency record.  The Department and BFI further assert that, if the legislature had intended the Director to make an explicit determination of this nature, the legislature would have included such a requirement in the statute, as it has done in other APA provisions.

In response, the Residents assert that Code § 10.1-1408.1(D) requires the Director to make such an explicit determination.

_____

[3]As a preliminary matter, the Department asserts that this issue is procedurally barred because the Residents failed to raise the issue before the circuit court.  We disagree and conclude that the issue was encompassed within the Residents' allegation that the Director failed to comply with the express statutory requirements concerning his duty to investigate and evaluate whether the facility poses any substantial present or future danger to human health or the environment.

6

The Residents contend that the Director's failure to make that explicit determination invalidates his issuance of the permit. We agree with the Residents.

Under the Virginia Waste Management Act (the Act), Code §§ 10.1-1400 to -1457, the Director of the Department is responsible for determining whether a proposal for a new solid waste management facility complies with the Act's provisions. Code §§ 10.1-1183, -1185, -1408.1(D); Concerned Taxpayers of Brunswick County v. County of Brunswick, 249 Va. 320, 328, 455 S.E.2d 712, 716 (1995). An appeal from the Director's decision to issue a permit is governed by the APA which allows the reviewing court to consider, among other things, the issue whether the decision was made in compliance with statutory authority. See Code § 9-6.14:17(ii). The reviewing court may set the agency action aside, even if it is supported by substantial evidence, if the court's review discloses that the agency failed to comply with a substantive statutory directive. See Environmental Defense Fund, Inc. v. Virginia State Water Control Bd., 15 Va. App. 271, 278, 422 S.E.2d 608, 612 (1992).

Since the issue before us is purely one of law, containing no underlying factual issues, we do not apply a presumption of official regularity or take account of the experience and specialized competence of the administrative agency. See Virginia ABC Comm'n v. York Street Inn, Inc., 220 Va. 310, 313, 257 S.E.2d 851, 853 (1979). These considerations apply to the

review of mixed questions of law and fact, and to the review of purely factual issues. See Code § 9-6.14:17(ii); York Street Inn, Inc., 220 Va. at 313, 257 S.E.2d at 853.

In construing Code § 10.1-1408.1(D), we look first to the language of the statute to determine whether the language is clear and unambiguous. If the language is clear and unambiguous, we will assign the statute its plain meaning. Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997); Wall v. Fairfax County Sch. Bd., 252 Va. 156, 159, 475 S.E.2d 803, 805 (1996); Loudoun County Dep't. of Social Services v. Etzold, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993).

> Code § 10.1-1408.1(D) provides, in relevant part, that [n]o permit for a new solid waste management facility shall be issued until the Director has determined, after investigation and evaluation of comments by the local government, that the proposed facility poses no substantial present or potential danger to human health or the environment.

We hold that this language is clear and unambiguous, and requires the Director, before issuing a permit for a new solid waste management facility, to make an explicit determination that the proposed facility poses no substantial present or potential danger to human health or the environment. Id.

This requirement is part of the statutory scheme established by the General Assembly to protect the Commonwealth's environment, thereby promoting the health and well-being of her citizens. See Code § 10.1-1183. As a substantive safeguard which completes the permit review process, the Director's

8

determination constitutes a crucial element of this statutory scheme. Therefore, we reject the argument effectively advanced by the Department and BFI that we should assume, rather than require proof of, the Director's compliance with Code § 10.1-1408.1(D).

The Director's determination must appear on the face of the agency record. Unlike other statutory provisions such as Code § 10.1-1408.1(E), which requires the Director, among other things, to issue "written findings" after reviewing the environmental compliance record of permittees, Code § 10.1-1408.1(D) does not mandate that the Director's determination be reduced to writing. Thus, it may be preserved as part of the DEQ record in a recorded or written format.

The Director's determination must be made with a degree of particularity that demonstrates a substantive consideration of the statutory factors. A conclusional recitation of the statutory language or a statement that the Director complied with the statute is insufficient to satisfy this statutory mandate. The analysis which the Director employs in considering the statutory factors is a matter submitted to his discretion and expertise under the statutory scheme.

Finally, we disagree with BFI's assertion that the Director's failure to make an explicit determination in this case was harmless error under Code § 9-6.14:17(iii). That provision subjects the failure to comply with required procedures to a

9

harmless error analysis.  Here, however, the statutory compliance issue involves a substantive provision which is a prerequisite to the issuance of a permit.  Thus, the Director's action is not subject to harmless error review.  <u>See</u> Code § 9-6.14:17(ii).

For these reasons, we will affirm in part, and vacate in part, the judgment of the Court of Appeals and remand the case to the trial court with instructions to remand the matter to the Department for the Director to consider the existing record and make the required statutory determination before issuing a new permit in this case.

<u>Affirmed in part,</u>
<u>vacated in part,</u>
<u>and remanded.</u>