COURT OF APPEALS OF VIRGINIA

Present:  Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF ENVIRONMENTAL
 QUALITY, ET AL.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0769-99-2          JUDGE NELSON T. OVERTON
                                         MARCH 28, 2000
RESIDENTS INVOLVED IN SAVING
 THE ENVIRONMENT, INC., ET AL.


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Melvin R. Hughes, Judge

          John R. Butcher, Assistant Attorney General
          (Mark L. Earley, Attorney General; Deborah
          Love Feild, Assistant Attorney General, on
          briefs), for appellants.

          Clarence M. Dunnaville, Jr.; David S. Bailey
          (Henry L. Marsh, III; Hill, Tucker & Marsh;
          David S. Bailey, L.L.C., on brief), for
          appellees.


     The Commonwealth of Virginia, Department of Environmental

Quality ("DEQ") appeals an award of $185,000 in attorneys' fees

and costs to Residents Involved in Saving the Environment, Inc.,

et al., ("Residents")[1] pursuant to Code § 9-6.14:21.  The circuit

court awarded Residents attorneys' fees and costs for legal

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] Residents Involved in Saving the Environment, Inc. is an
organization of persons residing and/or owning property near a
landfill site in King and Queen County.  Appellees include named
individuals, a church and a farming corporation.

services rendered in connection with Residents' challenge to DEQ's issuance of a solid waste facility permit to Browning-Ferris Industries of South Atlantic, Inc. ("BFI") to construct and operate a landfill in King and Queen County. The award included Residents' attorneys' fees and costs incurred for proceedings held in the circuit court and in the appellate courts in the matter.

We hold that the circuit court lacked jurisdiction to award Residents any attorneys' fees and costs in this matter. Accordingly, we vacate the award.

## FACTS

On June 2, 1993, DEQ issued a solid waste facility permit to BFI to construct and operate a landfill in King and Queen County. Residents appealed the decision to issue the permit to the circuit court. On May 30, 1995, the circuit court entered an order affirming the decision by DEQ to issue the permit. The May 30, 1995 order does not address attorneys' fees or reserve jurisdiction to the circuit court to award attorneys' fees at a later time.

Residents appealed the circuit court decision to this Court. We reversed the circuit court's decision in Residents Involved in Saving the Environment, Inc. v. Commonwealth, 22 Va. App. 532, 471 S.E.2d 796 (1996), aff'd in part, vacated in part, Browning-Ferris Indus. v. Residents Involved in Saving the Environment, Inc., 254 Va. 278, 492 S.E.2d 431 (1997). We held that DEQ failed to make "an explicit determination of 'no substantial present or potential

-

danger to human health or the environment'" as required by Code § 10.1-1408.1(D).  Id. at 545, 471 S.E.2d at 803 (citation omitted).  We remanded the case to the circuit court for remand to DEQ to make the required statutory determination.  The remand order did not mention attorneys' fees, nor did Residents raise the issue of attorneys' fees at that time.

BFI appealed our decision to the Virginia Supreme Court.  The Supreme Court remanded the case to the circuit court with instructions to remand the matter to DEQ to "consider the existing record and make the required statutory determination before issuing a new permit in this case."  Browning-Ferris Indus., 254 Va. at 285, 492 S.E.2d at 435.  The Supreme Court did not address the issue of attorneys' fees, nor did Residents raise the issue at that time.

The circuit court entered an order on December 10, 1997, remanding the matter to DEQ and ordering DEQ to make an explicit determination whether the landfill facility "poses a substantial present, or potential danger to human health or environment" pursuant to Code § 10.1-1408.1(D).  The December 10, 1997 order also "suspended and set aside" the decision to issue the permit to BFI.

On December 29, 1997, Residents filed a motion in circuit court for Residents' attorneys' fees and costs pursuant to Code § 9-6.14:21(A), which provides for the recovery of reasonable costs and attorneys' fees from an agency in certain circumstances.

-

The motion included a request for attorneys' fees and costs incurred in the appellate proceedings as well as the circuit court proceedings. By order entered March 3, 1999, the circuit court awarded Residents $185,000 in attorneys' fees, which included legal services expended in the circuit court and appellate court proceedings. DEQ appeals the award of the attorneys' fees.

### ANALYSIS

The circuit court awarded the attorneys' fees on March 3, 1999, more than twenty-one days after the entry of the May 30, 1995 final order in which the circuit court affirmed the decision by DEQ to issue the permit. Rule 1:1 provides in pertinent part: "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

A court order is final where it "'disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the decree.'" Richardson v. Gardner, 128 Va. 676, 683, 105 S.E. 225, 227 (1920) (citation omitted).

The May 30, 1995 order disposed of the whole subject and granted all contemplated relief by affirming DEQ's issuance of the permit. Furthermore, the May 30, 1995 order did not reserve

-

jurisdiction to the circuit court to award attorneys' fees at a later time. Moreover, no order was entered modifying, vacating or suspending the May 30, 1995 final order within twenty-one days of the entry of that order. "In order to toll the time limitations of Rule 1:1 . . . the trial judge must issue an order modifying, vacating or suspending the [order] within twenty-one days of the entry of [the order]." D'Alessandro v. Commonwealth, 15 Va. App. 163, 167, 423 S.E.2d 199, 201 (1992). Therefore, pursuant to Rule 1:1, we find that the circuit court lacked jurisdiction to award attorneys' fees and costs to Residents for legal services rendered in the circuit court proceedings.

In addition, the record contains no specific remand from this Court or the Supreme Court, instructing the circuit court to award Residents attorneys' fees incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 691, 479 S.E.2d 98, 98 (1996) (holding that a specific remand from appellate court is required for trial court to have jurisdiction to award attorneys' fees incurred on appeal). Therefore, the circuit court also lacked jurisdiction to award Residents attorneys' fees and costs expended on the appeals in this matter.

Residents also argue that pursuant to Code § 9-6.14:21, they were entitled to attorneys' fees because they "substantially prevail[ed] on the merits of the case" when the matter was remanded to DEQ to make the requisite statutory finding before issuing the permit. See Code § 10.1-1408.1(D). The record does

-

not support this contention.  However, based on our holding that the circuit court lacked jurisdiction to award attorneys' fees, we need not address this argument.

Accordingly, we vacate the circuit court's award of Residents' attorneys' fees and costs.

<u>Vacated.</u>

-

Bray, J., concurring.

I join the majority in concluding that the trial court was without authority to award Residents those attorneys' fees incurred while challenging the agency decision on appeal. However, I concur only in the rationale that the trial court lacked jurisdiction over the issue in the absence of a particularized remand from this Court or the Supreme Court.

Former Code § 9-6.14:21 provided, in pertinent part, that:

> In any civil case . . . in which any person
> contests any agency action, . . . such
> person shall be entitled to recover from
> that agency . . . reasonable costs and
> attorney fees if such person substantially
> prevails on the merits of the case and the
> agency is found to have acted unreasonably,
> unless special circumstances would make an
> award unjust.[2]

Code § 9-6.14:21 (1981) (amended 1997) (emphasis added). Thus, the legislature clearly intended that citizens, successful on the merits in challenging unreasonable agency action, recover attendant costs and fees, absent unique circumstances. Manifestly, the determination that a record permits such relief rests with that tribunal adjudicating the cause.

In O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996), we addressed a claim for costs and fees related to

---

[2] The 1997 amendment to Code § 9-6.14:21, inapplicable to the instant proceedings, required a finding that the "agency's position is not substantially justified," rather than "acted unreasonably," as a condition to recovery and limited an award of attorney's fees to $25,000. Code § 9-6.14:21.

-

appeal and, relying upon procedural jurisprudence well established in this Commonwealth, concluded that an award by the trial court on remand was impermissible, absent "specific . . . and particularized instructions to do so." Id. at 694, 479 S.E.2d at 100.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

Id. at 695, 479 S.E.2d at 100; see also Hughes v. Hughes, 173 Va. 293, 306, 4 S.E.2d 402, 407-08 (1939) (trial court upon proper remand can "fix a reasonable compensation . . . for services rendered in" the appellate court); Wilson v. Wilson, 25 Va. App. 752, 760, 492 S.E.2d 495, 499 (1997) (trial court has no "jurisdiction" to award "attorney's fees incurred on appeal" without "specific remand . . . with particularized instructions").

Here, Residents failed to initially petition the trial court, this Court, or the Supreme Court for costs and fees resulting from a succession of appeals. Thus, the appellate courts did not address the issue in the exercise of their respective jurisdictions, and no resolution was contemplated in the attendant remand orders. Under such circumstances, the trial court, acting later solely upon jurisdiction conferred and

-

limited by remand, was without authority to entertain Residents' petition for costs and attorneys' fees.

Accordingly, I share the rationale of the majority in reversing the disputed award because the trial court was without the requisite jurisdiction, finding it unnecessary to address the remaining related issues undertaken by my colleagues.