COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Felton, Judges Humphreys and Chafin
Argued at Salem, Virginia


COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF PROFESSIONAL AND
  OCCUPATIONAL REGULATION,
  BOARD FOR CONTRACTORS
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0285-12-3               CHIEF JUDGE WALTER S. FELTON, JR.
                                                         NOVEMBER 20, 2012
KAREN MATHESIUS


FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Isaac St. C. Freeman, Judge

Steven P. Jack, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on briefs), for appellant.

Daniel R. Bieger (Copeland & Bieger, on brief), for appellee.


In this administrative appeal, the Commonwealth of Virginia's Board for Contractors

("Board") challenges the final order of the Circuit Court of Washington County ("circuit court")

reversing the Board's decision to deny Karen Mathesius's claim under the Contractor Transaction

Recovery Act, Code §§ 54.1-1118 through -1127.  The Board contends the circuit court erred by

considering evidence outside the agency record and by finding that the Board's decision to deny

payment to Mathesius was arbitrary and capricious.

I.  BACKGROUND

In November 2006, Mathesius entered into a verbal agreement with contractor Eugenio

Pecina to renovate her home.  In 2007, Mathesius filed a complaint against Pecina in the circuit

court, asserting breach of contract.  On January 14, 2009, following a bench trial, the circuit court

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

entered judgment in favor of Mathesius in the amount of $20,719.79. The circuit court found that "the deficiency in the work performed by [Pecina] in this case arises [sic] above the level of a breach of contract and meets the definition of improper or dishonest conduct as provided" in the Contractor Transaction Recovery Act (the "Act").[1]

Nearly one year later, on January 7, 2010, Mathesius conducted debtor interrogatories to determine whether Pecina owned any assets that could be sold or applied to satisfy her judgment against him.[2] Pecina testified that he did not own any property except for a 1984 Ford van that was titled in his name. When asked by Mathesius whether the van "run[s]," Pecina testified that it "starts." Mathesius did not take any action to seize and sell Pecina's van in satisfaction of her judgment against him.

By letter dated February 1, 2010, Mathesius submitted a claim to the Board for recovery from the Contractor Transaction Recovery Fund (the "Fund"). On November 11, 2010, the Board

---

[1] The Act provides a limited means for payment to a claimant on an unsatisfied judgment against a licensed contractor who has engaged in "[i]mproper or dishonest conduct" in relation to a contract for residential construction. Code § 54.1-1118. Such payment is made from a fund administered by the Board, and is limited to "actual monetary loss," along with attorney's fees and court costs, not to exceed a total of $20,000, regardless of the amount of the claimant's unsatisfied judgment. Code § 54.1-1123(A), (C).

[2] The Act provides that:

> No directive ordering payment from the [Contractor Transaction Recovery] Fund shall be entered unless and until the claimant has filed with the Director a verified claim containing the following statements:
> That the claimant has conducted debtor's interrogatories to determine whether the judgment debtor has any assets which may be sold or applied in satisfaction of the judgment.

Code § 54.1-1120(A)(6)(a).

sent a notice of Informal Fact-Finding Conference[3] to Mathesius and Pecina that provided, in

pertinent part:

> Following the conclusion of the [Informal Fact-Finding] Conference, the presiding officer will prepare a Summary of Informal Fact-Finding Conference ("the Summary") that will include a recommendation that the claim be either approved or denied. The Summary will be submitted to the Board for consideration at the next available Board meeting.

>       *     *     *     *     *     *     *

> You and any participants of the [Informal Fact-Finding] Conference will be invited to attend the Board meeting at which the Board will consider this case. Prior to the Board's final decision, you and the participants will be given the opportunity to make a limited presentation to the Board. *At that time, you may not introduce new evidence but may state the reasons why you agree or disagree with the Summary.* The Board will make a final decision *based upon the Agency Record.*

(Emphases added).

On December 10, 2010, Pecina and Mathesius appeared and testified at the Informal

Fact-Finding Conference before Board designee Michael D. Redifer ("Redifer"). Pecina testified

that the 1984 Ford van to which he referred during debtor interrogatories on January 7, 2010 was

located at his residence. Mathesius indicated that she had not made any effort during the past eleven

months to seize and sell the van toward satisfying her judgment against Pecina.

At the close of the Informal Fact-Finding Conference, Redifer informed the parties that he

would keep the record open until December 17, 2010 to allow them additional time to submit

evidence "[i]f there's something that you can't put your hands on right at this moment." Redifer

specifically advised the parties that "[a]t Board meetings *you cannot produce any new evidence.* So

---

[3] The VAPA provides, in pertinent part, that "[a]gencies shall ascertain the fact basis for their decisions of cases through informal conference or consultation proceedings unless the named party and the agency consent to waive such a conference or proceeding to go directly to a formal hearing." Code § 2.2-4019(A).

that would mean during those seven days, that window that is open, . . . *that is the only time* that you can give us anything extra." (Emphases added).

By letter dated March 29, 2011, Redifer sent the Informal Fact-Finding Conference Summary (the "Summary") to the Board, Mathesius, and Pecina. In the Summary, Redifer found, *inter alia*, that Mathesius had failed to comply with Code § 54.1-1120(A)(6)(c), which provides, in pertinent part, that: "No directive ordering payment from the Fund shall be entered unless and until the claimant has filed . . . a verified claim" stating "[t]hat all legally available actions have been taken for the sale, or application of the disclosed assets and the amount realized therefrom." Because Mathesius "failed to comply with this section of the statute," Redifer "recommend[ed] [Mathesius's] recovery fund claim be denied." The Summary informed the parties that the Board would consider the matter on April 19, 2011, and that "[a]t the Board meeting, participants may respond to the Summary *only*. Participants *may not present any new information or bring any new witnesses*." (Second emphasis added).

By letter dated April 8, 2011, Mathesius advised the Board that she objected to the Summary. She presented a letter to the Board from John Powers, owner of Blue Ridge Nissan in Wytheville, Virginia, also dated April 8, 2011, that provided in pertinent part: "The 1984 Ford van in question has no monetary value except as salvage or scrap metal."

On April 19, 2011, Mathesius appeared before the Board to respond to the Summary. She asked the Board to permit her to introduce the April 8, 2011 letter from Blue Ridge Nissan regarding the value of Pecina's 1984 Ford van. The Board denied her request, but specifically gave her "the option of requesting that the case be remanded back to an Informal Fact-Finding Conference in order that the documentation be properly introduced." The Board advised Mathesius that if she did not exercise her option to participate in a second Informal Fact-Finding Conference, it would "consider her case without the new documentation." Mathesius chose not to request that her

case be remanded to a second Informal Fact-Finding Conference to permit her to present the April 8 letter regarding the value of Pecina's 1984 Ford van. The Board thereafter unanimously voted to adopt Redifer's recommendations contained in the Informal Fact-Finding Conference Summary and deny payment of Mathesius's claim based on the record before it. On April 20, 2011, the Board issued its final written opinion and order denying Mathesius's claim for recovery from the Fund.

Two months later, on June 22, 2011, Mathesius seized Pecina's 1984 Ford van pursuant to a writ of possession issued by the circuit court. She incurred a total expense of $405.78 to levy the van. The next day, on June 23, 2011, Mathesius sold the van at auction for $325.

On June 30, 2011, Mathesius appealed the decision of the Board to the circuit court. She asserted that the Board erred by denying her claim against the Fund because she failed to present evidence at the Informal Fact-Finding Conference as to the value of the 1984 Ford van. She contended that the Board's denial of her claim was arbitrary and capricious because the van had no appreciable value. Finally, she contended the Board erred by "fail[ing] to consider the [letter] from Blue Ridge Nissan dated April 8, 2011 opining that the 1984 Ford van ha[d] no monetary value except as salvage or scrap metal."

In its letter ruling issued January 12, 2012, the circuit court found in favor of Mathesius and remanded the matter to the Board. The circuit court stated:

> The record speaks for itself and it is clear to the [c]ourt that the Board placed all of its eggs in one basket, that being that the 1984 Ford van was a valuable asset and [Mathesius] failed to pursue the asset and apply the proceeds of a sale of the asset to the judgment of Twenty Thousand Seven Hundred Nineteen Dollars and Seventy Cents ($20,719.70). *There is a clear demonstration the van had a negative value and it is wrong-headed to think otherwise.*
> It appears to the [c]ourt that after a judgment was rendered against [Pecina], [Mathesius] complied as closely as possible with all the bureaucratic requirements of the Act to Recover From the Fund. The Board, on the other hand, has arbitrarily relied on her failure to

> pursue a *valueless asset* to prevent a recovery from the Fund, which
> is established to protect victims of contractors such as [Pecina].

(Emphases added).

By final order dated February 3, 2012, the circuit court found that "the decision of the Board denying recovery from the Fund was arbitrary and capricious." The court remanded the matter to the Board and ordered "that consideration shall be given to the letter submitted by John Powers of Blue Ridge Nissan and the documentation submitted regarding levy and disposal of the [1984 Ford] van."

## II. ANALYSIS

The Board contends that the circuit court erred by finding that its denial of Mathesius's claim was arbitrary and capricious because it failed to consider evidence that was not in the agency record. The Board asserts that it properly considered the evidence in the agency record in denying Mathesius's recovery from the Fund.

The Virginia Administrative Process Act ("VAPA") authorizes judicial review of agency decisions. See Code § 2.2-4027. "[U]nder the VAPA, the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court." School Bd. of County of York v. Nicely, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991). "On appeal of an administrative agency's decision, 'the party complaining of an agency action has the burden of demonstrating an error of law subject to review.'" Volkswagen of Am., Inc. v. Quillian, 39 Va. App. 35, 49, 569 S.E.2d 744, 751 (2002) (quoting Hilliards v. Jackson, 28 Va. App. 475, 479, 506 S.E.2d 547, 549 (1998)), rev'd on other grounds sub nom. Volkswagen of Am., Inc. v. Smit, 266 Va. 444, 587 S.E.2d 526 (2003).

"Errors of law fall into two categories: first, whether the agency . . . acted within the scope of [its] authority, and second, whether the decision itself was supported by the evidence." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988). "The reviewing court

may set the agency action aside, even if it is supported by substantial evidence, if the court's review discloses that the agency failed to comply with a substantive statutory directive." Browning-Ferris Indus. v. Residents Involved in Saving the Env't, 254 Va. 278, 284, 492 S.E.2d 431, 434 (1997). However, "[w]here the agency has the statutory authorization to make the kind of decision it did and it did so within the statutory limits of its discretion and with the intent of the statute in mind, it has not committed an error of law" by acting outside the scope of its authority. Johnston-Willis, Ltd., 6 Va. App. at 242, 369 S.E.2d at 7. Moreover, "'[w]here . . . the issue concerns an agency decision based on the proper application of its expert discretion, the reviewing court will not substitute its own independent judgment for that of the agency but rather will reverse the agency decision only if that decision was arbitrary and capricious.'" Loudoun Hosp. Ctr. v. Stroube, 50 Va. App. 478, 491, 650 S.E.2d 879, 886 (2007) (quoting Holtzman Oil Corp. v. Commonwealth, 32 Va. App. 532, 539, 529 S.E.2d 333, 337 (2000)).

Judicial review of issues of fact is "limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did." Code § 2.2-4027. "Cases subject to the standard of review outlined in [VAPA] cannot be considered a trial *de novo* since *the factual issues on appeal are controlled solely by the agency record*. The reviewing court is not free to take additional evidence, even at the request of one of the parties." Nicely, 12 Va. App. at 1062, 408 S.E.2d at 551 (emphasis added). Rather, "[t]he scope of court review of a litigated issue under the [V]APA is limited to determination whether there was substantial evidence in the agency record to support the decision. The agency . . . should not be subjected to court review of matters it had no opportunity to consider." State Bd. of Health of Commonwealth v. Godfrey, 223 Va. 423, 433, 290 S.E.2d 875, 880 (1982) (citation omitted).

Although, under VAPA, a circuit court in limited circumstances may consider additional evidence to determine whether the agency decided a case arbitrarily or in bad faith, "such evidence should be limited to that purporting to show that the agency denied the applicant a fair and impartial review of [her] application in accordance with proper procedures." Id. at 434, 290 S.E.2d at 880 (footnote omitted).

Here, the additional evidence considered by the circuit court, that is, the letter from Blue Ridge Nissan and Mathesius's documentation related to the levy and sale of the 1984 Ford van, did not purport to show that the Board denied Mathesius a fair review of her claim against the Fund, or that the Board acted arbitrarily or capriciously in denying her claim. Indeed, the record on appeal reflects that the Board, in accordance with VAPA, offered Mathesius the option to remand her claim for a second Informal Fact-Finding Conference so she could properly introduce the letter from Blue Ridge Nissan into evidence. However, rather than exercise that option, Mathesius elected to proceed with the hearing before the Board with the knowledge that the only evidence before it on which it could base its decision was (i) that Pecina owned a 1984 Ford van of unknown value, and (ii) that Mathesius had failed to take "all legally available actions" to sell or apply Pecina's "disclosed assets" to her judgment against him, as required by Code § 54.1-1120(A)(6)(c). The record on appeal demonstrated that Mathesius declined the invitation of the Board for another Informal Fact-Finding Conference to present evidence that the 1984 Ford van was valueless, even though she was aware that the Board could only consider the evidence contained in the Summary to determine the amount of any recovery from the Fund.

There was no indication in the record on appeal that the Board denied Mathesius a fair and impartial review of her claim based on the evidence in the agency record, namely, the testimony and evidence presented at the Informal Fact-Finding Conference. Accordingly, the circuit court abused its discretion by considering the letter from Blue Ridge Nissan and

Mathesius's documentation related to the levy and sale of Pecina's van, matters not presented at the Informal Fact-Finding Conference nor contained in the agency record, in determining that the Board's decision to deny Mathesius's recovery from the Fund was arbitrary and capricious.

Under these circumstances, the circuit court abused its discretion by considering additional evidence on appeal that was not contained in the agency record, by finding that the Board's decision to deny recovery from the Fund was arbitrary and capricious, and by reversing the Board's decision to deny Mathesius's claim against the Fund. Accordingly, we reverse the judgment of the circuit court and affirm the Board's denial of her claim.

<u>Reversed.</u>